SAM BRIGHAM, Appellant, v. HOWARD OLMSTEAD et al., Respondents — Appeal from an order of a Trial Term, County Court, Chemung County. On the trial of this case in the Chemung County Court the foreman of the jury announced that the verdict was for the plaintiff for $7,500 by a vote of 10 to 2. Thereupon defendant Watkins asked that the jury be polled. Without deciding this motion the court called attention of counsel to the fact that the verdict as announced by the foreman would be in excess of the jurisdiction of the court. The court was of opinion that the jury should be sent back to reconsider its verdict. All parties opposed sending the jury back; and various applications were made by the parties including an application by plaintiff to reduce the verdict to $6,000 with plaintiff's stipulation it be so reduced. The court discharged the jury without polling it and without formally entering the verdict under rule 165 of the Rules of Civil Practice, and reserved decision on the various motions. The order appealed from denied the application to reduce the verdict and ordered a new trial. It is unnecessary to decide whether the court had the power to reduce the verdict to $6,000 because the verdict as announced by the foreman was not entered as required by rule 165. Not until inquiry is made of the whole jury, not merely the foreman, as to their verdict, and it is duly entered by the Clerk is the verdict complete. Until it is thus announced there is no verdict. (Warner v. New York Cent. R. R. Co., 52 N. Y. 437.) Moreover defendant Watkins was entitled to have the jury polled. (Knox v. State Bank of Albany, 260 App. Div. 964; Eastman Kodak Co. v. Benham, 224 App. Div. 876.) The discharge of the jury renders either the formal announcement of all its members or the polling of its vote impossible. Order granting a new trial unanimously affirmed, with costs to respondents. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.