Hugh P. Carolan, as Administrator of the Estate of Honore A. R. Carolan, Deceased, Respondent, *v.* Joseph B. Altruda et al., Appellants.

First Department, November 20, 1962.

212

*Lillian E. Cuff* of counsel (*George J. Conway,* attorney), for appellants.

*Isidor Blum* of counsel (*Nathan B. Kogan,* attorney), for respondent.

*Per Curiam.* The court after a trial gave this case to the jury at 12:15 P.M. At 3:00 P.M. the jury had read to it in the courtroom some of the testimony and obtained certain exhibits and retired to deliberate at 3:22. About an hour later, at 4:20 the jury sent a note to the court stating it was not possible to agree. At 4:25 the Judge sent a message to the jury telling them to deliberate further; and at 4:32 the jury returned a verdict for defendant, 10 to 2.

This was set aside by the Judge because he was of opinion it was " physically impossible for this jury to have agreed as a result of any mature deliberations ". He further stated, " it becomes very obvious to me that all this jury was interested in was getting out."

Although it is clear that the Judge set the verdict aside because he felt the time of deliberation between the message that they could not agree and the rendition of the verdict was too short to permit mature deliberation, respondent seems to argue the proceedings coerced the jury and cites some cases on this point (e.g., *Alper Blouse Co.* v. *Connor & Co.,* 309 N. Y. 67; *Wilkins* v. *Abbey,* 168 Misc. 416). But the message to the jury to continue deliberations was not coercion. It cannot be determined reasonably from any fact appearing in this record that the verdict was not arrived at on mature deliberation. The jury had been considering the case for three hours, excluding a luncheon period, when it reported it could not agree. From the time of this report

(4:20) until the verdict (4:32) presumptively the deliberation went on even though the report stated that at the time it was sent the jury was unable to agree.

The verdict of a jury is entitled to the strongest presumption of regularity in its resolution and formulation. One or more jurors who had been considering the case for three hours could well have been convinced by the others within the last 10 or 12 minutes that the verdict returned was the right one. Nothing but the shortness of time between the message of the jury and its verdict could possibly justify judicial interference with it; and on this record that alone is not enough.

Although the independent judgment of the Trial Judge in setting aside a verdict deemed against the weight of evidence or for irregularity should be encouraged and will be sustained, we find insufficient basis in this record to set aside the verdict on the ground assigned at Trial Term. (Cf. *Wheeler* v. *Rabine*, 15 A D 2d 407.) We add that the verdict was entirely consistent with the weight of evidence. The order setting aside the verdict for defendants should be reversed on the law and the facts and the verdict reinstated, and judgment granted for defendants, with costs.

BREITEL, J. P., STEVENS, EAGER, STEUER and BERGAN, JJ., concur.

Order, entered on December 11, 1961, setting aside the verdict for defendants, unanimously reversed on the law and on the facts and the verdict reinstated, and judgment granted for defendants, with costs. Settle order on notice.