■ OSCAR NICHOLAS, as Administrator of the Estate of JULIA NICHOLAS, Deceased, Respondent, v. ISLAND INDUSTRIAL PARK OF PATCHOGUE, INC., Defendant-Appellant and Third-Party Plaintiff-Respondent. JAY PLASTICS, INC., Third-Party Defendant-Appellant, et al., Defendants — In an action to recover damages for wrongful death, (1) defendant Island Industrial Park of Patchogue, Inc., (Island) appeals from a judgment of the Supreme Court, Suffolk County, entered November 14, 1973 in favor of plaintiff against said defendant upon a jury verdict of $50,875 plus interest and (2) third-party defendant Jay Plastics, Inc., (Jay) appeals from said judgment and also from a further judgment of said court entered November 28, 1973 in favor of said Island Industrial Park of Patchogue, Inc., as third-party plaintiff against said third-party defendant upon a jury verdict fixing the latter's liability at 60% of the total damages, pursuant to a Dole apportionment. Judgments reversed, on the law, and new trial granted as to plaintiff against defendant Island Industrial Park of Patchogue, Inc., and as to the latter against Jay Plastics, Inc., with costs to abide the event. The questions of fact have not been considered by this court. Plaintiff's intestate, an employee of Jay, died on September 9, 1966, when she was crushed to death in an accident involving a freight elevator which, at the time of the accident, was used exclusively by Jay and was located in a factory owned by Island and tenanted by Jay and several other companies engaged in light manufacturing. Plaintiff in his complaint alleged common-law negligence and violation of sections 255 and 316 of the Labor Law. It was undisputed that at the time of the accident the elevator was operated by Louis Klein, an employee of Jay, and that Island had the duty to maintain the elevator in good condition and repair. Klein did not testify at the trial. During the course of the trial, the trial court allowed an unsigned and unsworn transcript of Klein's examination before trial, dated September 2, 1971, to be read by plaintiff's counsel to the jury over objection by Island's counsel. In this transcript it appears that Klein stated that the decedent had "got her foot caught" in a hole in the elevator, that this contributed to her death and that he had previously reported the existence of the hole several weeks prior thereto to Island's superintendent. This constituted reversible error. After Klein failed to sign the deposition before an "officer authorized to administer an oath" (CPLR 3116, subd. [a]), plaintiff had adequate remedies to correct this situation and lay the proper foundation for the introduction of this crucial transcript into evidence (CPLR 3116; David D. Siegel Practice Commentaries in McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3116, pp. 475–476). Finally, it was improper for plaintiff's counsel in summation to state "They're the corporations, they're the owner, they're the defendant, they've got the money, they've got the assets behind them". Allusion to a defendant's ability to pay damages is improper (Laughing v. Utica Steam Engine & Boiler Works, 16 A D 2d 294–295; Keenan v. Metropolitan St. Ry. Co., 118 App. Div. 56). Hopkins, Acting P. J., Martuscello, Latham, Benjamin and Munder, JJ., concur.