SECOND DEPARTMENT, SEPTEMBER, 1985

(September 3, 1985)

■ ALLSTATE INSURANCE COMPANY, Appellant, v CLAIRE M. WHITE et al., Respondents.—In an action for a judgment declaring the rights of the parties under a policy of automobile insurance, plaintiff insurer appeals from a judgment of the Supreme Court, Nassau County (Kutner, J.), entered December 14, 1983, which, upon a jury verdict, *inter alia,* declared that the plaintiff was obligated to indemnify defendant Claire M. White for all claims arising out of an accident which occurred on August 10, 1981.

Judgment affirmed, with costs payable by the plaintiff to defendant Mary M. Anderson.

The arguments by counsel for defendant Mary M. Anderson during summation were not so inflammatory as to entitle plaintiff to a new trial, in view of the trial court's prompt curative instructions to the jury.

Although it is well settled that alluding to a party's ability to pay damages is improper and grounds for reversal *(O'Connor v Incorporated Vil. of Port Jefferson,* 104 AD2d 861; *Nicholas v Island Indus. Park,* 46 AD2d 804), in this case there was already evidence before the jury of the relative policy limits which clearly indicated plaintiff's potential liability as the excess insurance carrier. Counsel's argument, therefore, did not tell the jury anything that they did not already know from the evidence.

The essential issue before the jury was the credibility of plaintiff's employees and defendants White and Struzzieri, each of whom argued as to the other's motivation for lying.

The jury's verdict, based primarily on their assessment of the relative credibility of the witnesses, was a fair interpretation of the evidence presented and, accordingly, it should not be disturbed on this appeal *(Taype v City of New York,* 82 AD2d 648, *lv denied* 55 NY2d 608).

In view of the foregoing, we do not reach the issue of the timeliness of plaintiff's disclaimer notice. Brown, J. P., Weinstein, Niehoff and Lawrence, JJ., concur.