■ DAMON PENN, an Infant, by His Father and Natural Guardian, STEVEN PENN, et al., Appellants, v TOWN OF OYSTER BAY, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Roberto, J.), entered August 6, 1984, which is in favor of the defendant and against them, upon a jury verdict after a trial on the issue of liability only.

Judgment affirmed, without costs or disbursements.

A specific interrogatory given to the jury asked for a determination of whether the plaintiffs had established that the infant plaintiff "was injured when he fell from a bleacher in a park operated by the defendant". Since the trial was solely on the issue of liability and during the course of the trial the plaintiffs were precluded from presenting any evidence of injury, it was incorrect, under the circumstances of this case, to ask whether the child was "injured". However, in the context of the remainder of the jury charge, the court's preliminary instructions, and counsels' summations, we cannot conclude that the jury might have misunderstood the question so as to require proof of injury. Clearly the question related to the cause or place of injury, rather than the fact of the injury itself. Similarly, the contention that the jury might have misconstrued the interrogatory as requiring that the plaintiffs sufficiently prove the park to have been "operated by the defendant", while possible if the question is viewed in a vacuum, is not supportable under the circumstances at bar, where operation of the park was not raised as an issue.

It was the plaintiffs who first brought out evidence that the hospital record contained "three or four different versions" of facts surrounding the accident. Thus, comments by the defen-

dant's counsel implying that there were alternative versions he was not being permitted to show the jury, really did not prejudice the plaintiffs or tell the jury anything they did not already know *(see, Allstate Ins. Co. v White,* 113 AD2d 728). Questions on cross-examination or comments by the defendant's counsel, implying that the child fell from a swing rather than from the allegedly defective bleachers, were followed by curative instructions that such statements were not themselves evidence; the curative instructions sufficiently dissipated any prejudice *(cf. Wirth v De Vito,* 74 AD2d 827). Thus the improprieties cannot be said to have prejudiced the plaintiffs' case.

Since there was evidence before the jury that the incident as related by the plaintiffs' witnesses may not have been the only "version" of what actually occurred, the jury was entitled to consider the credibility of the testimony of those witnesses. Thus, the verdict was based on a finding as to the witnesses' credibility, which is an issue for the trier of fact, not the court *(see, Sorokin v Food Fair Stores,* 51 AD2d 592; *Taype v City of New York,* 82 AD2d 648, 650-651; *Allstate Ins. Co. v White, supra).* Mollen, P. J., Weinstein, Rubin and Spatt, JJ., concur.