■ ROYSTON SYLVESTER, Respondent-Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Appellant-Respondent.—In an action to recover damages for personal injuries, the defendant appeals from so much of judgment of the Supreme Court, Kings County (Hutcherson, J.), entered November 6, 1989, as awarded the plaintiff the principal sum of $350,000 for past and future pain and suffering. The plaintiff cross-appeals from so much of the judgment as failed to award him damages for lost earnings.

Ordered that the judgment is reversed insofar as appealed from, on the facts and as an exercise of discretion, and a new trial is granted on the issue of damages for past and future pain and suffering only, unless within 20 days after the service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past and future pain and suffering to the principal sum of $150,000, and to the entry of an amended judgment accordingly; in the event the plaintiff so stipulates, the judgment, as reduced and amended, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the judgment is reversed insofar as cross-appealed from, without costs or disbursements, on the facts and as a matter of discretion, and a new trial is granted with respect to the issue of lost earnings.

We conclude that a new trial on the issue of damages for loss of earnings is warranted. After the jury rendered its verdict on past and future pain and suffering, the Trial Justice did not permit the jury to read its verdict on loss of earnings. The Trial Justice stated, with respect to this issue, that "a jury will determine that at a later date". However, the judgment was silent as to a new trial. The Trial Justice improvidently exercised his discretion in refusing to receive

the jury's verdict on the issue of loss of earnings and erred in failing to include a decretal paragraph in the judgment presently under review severing that issue for a new trial (see, CPLR 4404 [a]; *Levo v Greenwald,* 107 AD2d 991, 992, *affd* 66 NY2d 962). Although the jury was inadvertently permitted to examine a loss of earnings chart during deliberations which was not in evidence, it cannot be said that the defendant was prejudiced by his own chart (see generally, *Alford v Sventek,* 53 NY2d 743; *Maslinski v Brunswick Hosp. Center,* 118 AD2d 834). Since a verdict was never rendered by the jury (see, *Brigham v Olmstead,* 10 AD2d 769), or recorded by the clerk on this issue pursuant to CPLR 4112 (see, 8 Carmody-Wait 2d, NY Prac § 58:53, at 536) a new trial on the issue of loss of earnings is required.

The award for past and future pain and suffering was excessive to the extent indicated. Thompson, J. P., Bracken, Rosenblatt and O'Brien, JJ.