■ KERRI GROPPER, Respondent-Appellant, v ST. LUKE's HOSPITAL CENTER et al., Appellants-Respondents, and H.F. CONTROLS, INC., Defendant and Third-Party Plaintiff-Appellant. MANHATTAN MECHANICAL PIPING Co., Third-Party Defendant-Appellant-Respondent. [651 NYS2d 469] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered June 3, 1996, which, after a jury trial on the issue of liability only, granted plaintiff's motion to set aside the jury verdict in favor of defendants and ordered a new trial on the issues of liability and damages, unanimously reversed, on the law, without costs, plaintiff's motion denied and the jury's verdict reinstated. The Clerk is directed to enter judgment dismissing the complaint.

In this personal injury action, where the defense was that plaintiff's accident was feigned, the references in summation to workers' compensation were not, as found by the trial court, "grossly egregious" so as to warrant setting aside the jury's verdict.

Plaintiff, a steamfitter employed by third-party defendant Manhattan Mechanical Piping Co., alleged that she was injured on June 10, 1991 when she slipped and fell in a sub-basement of a construction site at St. Luke's Hospital while relocating sections of pipe, due to a recurring condition of accumulated water, raw sewage and debris. She therefore sought damages under the Labor Law and for common law negligence.

At the beginning of the trial, counsel for the plaintiff made a motion *in limine* that the defendants and their witnesses not be permitted to testify as to the issue of workers' compensation. The court stated: "Of course. They're not to do that". During the trial, however, testimony concerning workers' compensation was adduced because of certain discrepancies in workers' compensation forms that were filed by plaintiff's employer.

In her complaint, plaintiff initially asserted that the accident occurred on June 10, 1991, and that she did not seek medical treatment until June 20th. The initial accident report filed by her employer to the Workers' Compensation Board (C-2 accident report) indicated that the accident occurred on June 10, 1991 and that the employer first received notice of the accident on June 21, 1991. According to plaintiff, she thereafter realized that she had been on vacation on June 10th so her employer then submitted a revised C-2 report to reflect that the accident

had actually occurred on June 12, 1991. At trial, the plaintiff called her stepmother, the president of her employer, to explain the inconsistencies in the dates on the accident report. The witness testified that an amended C-2 report had been prepared in August of 1991 to correct the erroneous accident date and further testified that the first report had not been prepared sooner because the plaintiff had not sought medical treatment nor had yet decided whether she had an official workers' compensation case. Both C-2 reports were admitted into evidence.

During his summation, counsel for defendant SLR Constructors initially argued that the accident never happened at the work site and then proceeded to argue repeatedly that in order for the plaintiff to receive compensation for medical expenses, she had to say that the accident happened on the job. He then argued that the date of the accident was amended on the accident report so that the plaintiff could receive coverage that she would not have received had she not been working on that day and further argued that her witnesses tailored their testimony to say that she worked that day in order to ensure that she received the medical coverage. Counsel then discussed the compensation case becoming a third-party liability case.

While it is well settled that, where an employee sues a third party for personal injuries sustained in the course of her employment, the question of whether or not a workers' compensation claim was filed is immaterial and should not be mentioned to the jury, reference to workers' compensation is appropriate and necessitated where a plaintiff has made an inconsistent statement at a time when she was not suing a third party and there was no motive for factual distortion as to how her injury was sustained (*see, Nappi v Falcon Truck Renting Corp.*, 286 App Div 123, 126-127, *affd* 1 NY2d 750). Here, it is evident that plaintiff opened the door regarding the date of the accident as reflected in her workers' compensation claim and counsel's summation can only be deemed to have been fair comment. Motion by defendant SLR pursuant to Rules of this Court (22 NYCRR) § 600.11 denied, without costs. Concur—Sullivan, J. P., Rosenberger, Rubin, Kupferman and Williams, JJ.