[661 NYS2d 118]

Linda Burtch et al., Appellants, v Suresh S. Shah, Respondent.

Fourth Department, April 25, 1997

APPEARANCES OF COUNSEL

*Richard A. Hickey*, Getzville, for appellants.

*Damon & Morey*, Buffalo (*Patrick Curran* of counsel), for respondent.

## OPINION OF THE COURT

LAWTON, J.

The trial in this medical malpractice action ended with a verdict (5-1) of no cause of action in favor of defendant after approximately two days of jury deliberations. Fifteen days later two of the jurors provided affidavits to plaintiffs' counsel stating that a court attendant named "Joe" was taking luncheon orders when the foreperson was writing a note to advise the Trial Judge of the jury's inability to render a verdict. When "Joe" was informed by the jurors of the intended note, he allegedly told them that they must continue deliberations until a verdict was reached. One of the jurors stated in her affidavit that, based upon that communication, she changed her vote and decided in defendant's favor.

Plaintiffs moved to set aside the jury's verdict on the ground that the jury was improperly influenced by the communication. They contended that the communication implied to the jurors that they would be required to continue deliberations until they had reached a verdict. Plaintiffs noted that, shortly after the communication, the jury reached a verdict in favor of defendant. Defendant's counsel in a responding affidavit stated that he spoke with all but the dissenting juror following entry of the verdict and that they all stated, without reservation, that they followed the Judge's instruction and decided the case exclusively on the evidence presented. Defendant's counsel argued that a juror's affidavit may not be used to impeach a verdict and, thus, the affidavits of the two jurors should not be considered. Supreme Court denied plaintiffs' motion. The court concluded that, although the communication was improper, reversal was not warranted because there was no evidence that the attendant offered any opinion on the merits of the case, the facts to be considered by the jury, or the legal principles to be used in the jury's deliberations. We disagree.

Unauthorized communications by court officers to juries have been held to warrant reversal in criminal actions (*see, People v Ciaccio*, 47 NY2d 431, 436-437; *see generally, People v Bayes*, 78 NY2d 546; *People v Ahmed*, 66 NY2d 307, *rearg denied* 67 NY2d 647). Such conduct mandates reversal because, as a matter of due process and statute (CPL 310.30), a defendant has the right to be present when the jury receives instructions or communications (*see, People v Ciaccio, supra; People v Mendez*, 208 AD2d 358; *People v Stokes*, 170 AD2d 946; *People v Rukaj*, 123 AD2d 277).

Similar due process concerns, however, have not been enunciated in civil cases. New York courts have rarely heard challenges to jury verdicts in civil actions based upon unauthorized communications to juries. As defendant correctly notes, "[a]bsent exceptional circumstances a juror's testimony on affidavit may not be used to attack a jury verdict" (*Careccia v Enstrom*, 212 AD2d 658, 659; *see, Grant v Endy*, 167 AD2d 807; *Labov v City of New York*, 154 AD2d 348; *Ryion v Len-Co Lbr. Corp.*, 152 AD2d 978, *lv denied* 74 NY2d 616; *Wylder v Viccari*, 138 AD2d 482). That rule, however, is not followed when the unauthorized communication is made by a Judge (*see, Carolan v Altruda*, 17 AD2d 211, *affd* 15 NY2d 1010).

That rule likewise does not apply where, as here, the affidavit is directed at the misconduct of a court officer (*see, Wilkins v Abbey*, 168 Misc 416, 420; *Thomas v Chapman*, 45 Barb 98; *Reynolds v Champlain Transp. Co.*, 9 How Prac 7). The rationale supporting the exception to the rule is that "[t]here is a legitimate distinction between the acts of the jurors themselves during the trial of the case * * * or the deliberations of the jury in the jury room, and the influences which are called into play by outside forces and which are extraneous to their deliberations" (*Wilkins v Abbey, supra*, at 420).

In *Wilkins* (*supra*, at 417), the court officer went into the jury room at 8:55 P.M. and informed the jurors that they " 'only had five more minutes in which to arrive at their verdict.' " A verdict for defendant was returned within five minutes. A motion for a new trial was made based upon affidavits of jurors. The court held that the comments made by the court officer were tantamount to "interference with the free and untrammeled deliberations of the jury as to amount to unlawful coercion and duress, and the natural tendency of such conduct was to compel a verdict" (*Wilkins v Abbey, supra*, at 418). The court further stated (*supra*, at 419): "It is true that the officer in charge of the jury made no threat of punishment or detention

in the event the jury failed to come to an agreement within the time allotted, but the unequivocal command that the jury might have only five minutes more within which to reach a verdict might, to the layman, be more intimidating than the naming of a specific and precise form of punishment if the command were unheeded."

A similar result is required in this case. The jurors informed the court attendant that they were unable to reach a verdict and were about to send a note so informing the Judge. In response, the court attendant told the jury that there could not be a hung jury and that the Judge would keep them deliberating until a verdict was reached. That statement, while not so commanding as that in *Wilkins*, in actuality constitutes "unlawful coercion" because it interfered with the free and independent deliberations of the jury and amounted to a threat of detention. It matters not that the attendant did not express an opinion on the facts of the case or express a view with respect to the legal principles to be applied.

Appellate courts in other States have similarly set aside verdicts when faced with unauthorized communications with juries during deliberations. Texas, among other States, has utilized a three-step test to analyze misconduct involving a jury (*Redinger v Living, Inc.*, 689 SW2d 415, 419 [Tex]). The complaining party has the burden of proving that misconduct occurred, that the misconduct was material and finally that, based upon the record in its entirety, the misconduct probably resulted in harm to the complaining party (*see, Redinger v Living, Inc., supra*, at 419; *see also, Ravin v Gambrell*, 788 P2d 817 [Colo]; *Richards v Overlake Hosp. Med. Ctr.*, 59 Wash App 266, 796 P2d 737, *review denied* 116 Wash 2d 1014, 807 P2d 883; *OKC Corp. v UPG, Inc.*, 798 SW2d 300, 302 [Tex]; *Snyder v Byrne*, 770 SW2d 65, 68 [Tex]; *Texaco, Inc. v Pennzoil Co.*, 729 SW2d 768, 849 [Tex], *cert dismissed* 485 US 994; *McLain v General Motors Corp.*, 586 A2d 647 [Del]).

Because conflicting statements were made to counsel for each party by the juror who allegedly switched her vote, the better procedure would have been for the court to hold a hearing to determine the facts surrounding the alleged misconduct by the court attendant and what, if any, effect it had on the jury's deliberations. Only then could the court determine whether "the alleged conduct of the court officer was such as would be 'likely or calculated to influence the verdict'" (*Schrader v Joseph H. Gertner, Jr., Inc.*, 282 App Div 1064, 1065, quoting *Thomas v Chapman, supra*, at 100). Because of

the long delay since the verdict was rendered, that procedure is no longer feasible. For the purpose of this opinion, we must accept as true the statements contained in the affidavits of the two jurors that establish that the misconduct, i.e., the unauthorized communication, occurred and that the communication was coercive. Furthermore, because the jury was allegedly deadlocked before the communication, there is good reason to believe that a different verdict or a hung jury might have resulted if the misconduct had not occurred. Accordingly, the order should be reversed, plaintiffs' motion granted, the verdict set aside and a new trial granted.

GREEN, J. P., CALLAHAN, DOERR and BOEHM, JJ., concur.

Order unanimously reversed, on the law, without costs, motion granted, verdict set aside and new trial granted.