■ BARBARA MIGLINO, Appellant, v SUPERMARKETS GENERAL CORPORATION, Doing Business as PATHMARK SUPERMARKET, Respondent. [662 NYS2d 818] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Berler, J.), dated September 26, 1996, which denied her motion to set aside a jury verdict in favor of the defendant and against her, and (2) a judgment of the same court, entered October 28, 1996, upon the verdict, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see, Matter of Aho*, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff allegedly sustained injures when she slipped and fell on some french fries on the floor of a store owned by the defendant, Supermarkets General Corporation d/b/a Pathmark Supermarket (hereinafter Pathmark). Her contention that the trial court erred in refusing to rule, as a matter of law, that Pathmark's negligence was the proximate cause of her fall is without merit. The question of proximate cause is normally for the trier of fact, and may be determined by the court as a matter of law only when there is but one conclusion that may be drawn from the facts (*see, Howard v Poseidon Pools*, 72 NY2d 972). As the facts adduced at trial allowed for more than one possible explanation for the plaintiff's fall, a decision as a matter of law on the issue of proximate cause would have been inappropriate.

Further, the jury's finding that Pathmark was negligent, but that its negligence was not the proximate cause of the accident, was not inconsistent as a matter of law. It is settled that "[w]here the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (*Coopersmith v General Motors Corp.*, 63 AD2d 1013, 1014; *see, Maze v DiBartolo*, 130

AD2d 720, 721). Here, the jury reasonably could have found that while Pathmark was negligent in allowing french fries to remain on its floor, the plaintiff's fall was not caused by the french fries.

The plaintiff next contends that because she was prohibited from presenting evidence of injury during the liability phase of this bifurcated trial, the trial court erred in instructing the jury that, in order to find Pathmark liable, it must find that Pathmark's negligence was the proximate cause of the plaintiff's "injury". However, when taken in context with the balance of the jury charge, the preliminary instructions given by the court, and the fact that there was no question raised at trial concerning whether the plaintiff had, in fact, sustained an injury, it does not appear that the jury was confused by the instruction (*see, Penn v Town of Oyster Bay*, 119 AD2d 815).

Finally, the plaintiff contends that the jury's verdict is against the weight of the evidence. It is well settled that a jury verdict in favor of a defendant may not be set aside as against the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (*Storch v LaGuardia Med. Group*, 209 AD2d 689, 690; *Nicastro v Park*, 113 AD2d 129). On the evidence presented here, the jury reasonably could have reached the conclusion that it did. Bracken, J. P., Copertino, Sullivan and McGinity, JJ., concur.