OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, and the case remitted to that Court for consideration of the facts
 
 (see,
 
 CPL 470.25 [2] [d]; 470.40 [2] [b]).
 

 After the court informed the jurors to cease deliberating for the evening on March 22, 1995, and while the jurors were retrieving their personal belongings from the deliberation room, one or more jurors asked a court officer to inform the Judge that a verdict had been reached. The markings on a verdict sheet indicated that the jurors had found defendant not guilty on all counts of the indictment. In response, the court officer repeated the court’s earlier instructions that the jury was to cease deliberations and would be sequestered for the night. The court officer’s supervisor told the jurors, without having first attempted to contact the court, that they would not be permitted to deliver their verdict until the next morning. A juror then stated that if the verdict could not be accepted that evening, there would be no verdict. After being sequestered for the night, the jury continued with deliberations the following morning, and ultimately acquitted defendant of one count of rape in the first degree, and two counts of sexual abuse in the first degree, but found him guilty of one count of sexual abuse in the first degree.
 

 We disagree with the Appellate Division’s conclusion that the court officers’ communication with the jury on the evening of March 22, 1995 constituted the mere enforcement of the court’s directives, and thus fell within the scope of the officers’ ministerial duties. Although the first officer repeated the court’s prior instructions to cease deliberations, the officer’s supervisor went beyond mere repetition, advising the jurors that they could not give the verdict when the court itself was unaware that a verdict had been reached. Under the circum
 
 *840
 
 stances, the supervisor’s remark did not reflect the court’s prior instructions which could not have been designed to address this new and significant development.
 

 Had the court been informed of the verdict, it could have chosen to immediately determine if the verdict had been properly reached, and, if so, the court could have recorded the verdict and polled the jurors pursuant to statutory authority (see, CPL 310.50, 310.80), all in open court, and in the presence of defendant and counsel (CPL 310.40). Thus, the supervisor’s chosen course exceeded his ministerial duties and the scope of authorized communications between court officers and jurors, resulting in the usurpation of a judicial function
 
 (see,
 
 CPL 310.10;
 
 People v Torres,
 
 72 NY2d 1007, 1009). This trial error of law warranted a grant of defendant’s motion to set aside the final verdict
 
 (see,
 
 CPL 330.30 [1]) and the grant of a new trial.
 

 Because the jury’s unreported verdict was not announced in court, recorded in the minutes, or accepted by the court, it does not constitute a final verdict for double jeopardy purposes (CPL 1.20 [12]; 310.40, 310.80;
 
 Matter of Oliver v Justices of N. Y. Supreme Ct.,
 
 36 NY2d 53, 57). However, since the jury later acquitted defendant of one count of rape and two counts of sexual abuse in the first degree, retrial of those counts is barred by double jeopardy principles. Defendant is entitled to a new trial on count 4 of the indictment upon which the jury found him guilty of sexual abuse in the first degree in its final verdict.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order reversed and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.