■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ERNEST LAPLANTE, Appellant. [680 NYS2d 791] —Judgment, Supreme Court, Bronx County (William Donnino, J.), rendered on or about July 28, 1997, unanimously affirmed. Motion to enlarge record denied. No opinion. Concur—Sullivan, J. P., Rosenberger, Wallach, Mazzarelli and Andrias, JJ.

■ KERRI GROPPER, Appellant, v ST. LUKE's HOSPITAL CENTER et al., Respondents. (And Other Actions.) [679 NYS2d 385] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered May 16, 1997, which, after this Court reinstated the jury verdict in defendants' favor (234 AD2d 171, lv denied 90 NY2d 807), granted judgment to defendants and dismissed plaintiff's complaint, and order, same court and Justice, entered on or about August 20, 1997, which denied plaintiff's subsequent motion to set aside the jury verdict, unanimously affirmed, without costs.

The issue raised by plaintiff on that appeal, i.e., that the word "injury", as it appeared on the verdict sheet utilized by the jury during the liability portion of the trial of this matter constituted reversible error, was properly raised by plaintiff in her response to defendants' prior appeal from the trial court's order granting a mistrial (see, CPLR 5501 [a] [1]; Parochial Bus Sys. v Board of Educ., 60 NY2d 539, 545-546), and implicitly rejected by this Court when we reversed and reinstated the jury verdict (see, 234 AD2d 171, supra). Accordingly, the argument must be rejected on grounds of law of the case. We note that plaintiff's contention is, in any event, without merit (see, Miglino v Supermarkets Gen. Corp., 243 AD2d 451; Penn v Town of Oyster Bay, 119 AD2d 815, lv denied 68 NY2d 609), particularly since plaintiff did in fact introduce evidence regarding her injury during the liability phase of the trial.

The trial court properly denied plaintiff's motion to set aside the reinstated jury verdict as untimely (CPLR 4404, 4405; Pioli v Morgan Guar. Trust Co., 199 AD2d 144, lv denied 87 NY2d 801), the motion having been interposed almost one year after the verdict was rendered. In any event, we also agree with the trial court that plaintiff's claim of jury coercion by a court officer is specious (compare, Burtch v Shah, 230 AD2d 223). Concur—Sullivan, J. P., Rosenberger, Wallach, Mazzarelli and Andrias, JJ.