JOAN A. RICCHUETO, Appellant, v COUNTY OF MONROE, Respondent. [701 NYS2d 550] —Order unanimously affirmed without costs. Memorandum: Supreme Court did not abuse its discretion in denying plaintiff's posttrial motion for judgment on liability and a new trial with respect to damages. Following deliberations, the jury foreperson informed the court that the jury was deadlocked. The special verdict questionnaire establishes that five of the six jurors agreed that defendant was negligent and that such negligence was a proximate cause of the accident; that the jury unanimously agreed that plaintiff also was negligent; and that five of the six jurors agreed that plaintiff and defendant were each 50% at fault. Only the issue of damages was undecided. Plaintiff was not entitled, however, to judgment on liability and a new trial on damages. The jury did not announce its verdict in open court, members of the jury were not polled, and plaintiff has not shown that the verdict was entered in the minutes by the Clerk (*see,* CPLR 4112). Under the circumstances, there is no jury verdict upon which the court could grant judgment (*see, Warner v New York Cent. R. R. Co.,* 52 NY 437; *Labar v Koplin,* 4 NY 547, 550-551; *Sylvester v New York City Tr. Auth.,* 176 AD2d 314, 315; *Brigham*

*v Olmstead*, 10 AD2d 769). Delivery of the special verdict questionnaire to the court at the time of the jury's discharge does not constitute the entry of a verdict. (Appeal from Order of Supreme Court, Livingston County, Cicoria, J.—New Trial.) Present—Pine, J. P., Wisner, Hurlbutt and Balio, JJ.