■ DANIEL KWA et al., Appellants, v MARK ROBERTS et al., Respondents. [794 NYS2d 417]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated January 22, 2004, as denied those branches of their motion pursuant to CPLR 4404 (a) which were to set aside a jury verdict in favor of the defendants and for a new trial based on, inter alia, an alleged defect in the verdict sheet and extrajudicial interference with jury deliberations.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiffs did not preserve any objection to question No. 2 on the verdict sheet, instructing the jury not to go to any further questions if it answered "No" to question No. 2, "by failing to object to it before the jury retired to deliberate, and then again failing to register an objection and/or request that the jury be sent out for further deliberations before the jurors were discharged" (*Luzardo v Jamaica Hall Corp.*, 296 AD2d 383, 384 [2002]; *see Kinney v Taylor*, 305 AD2d 466 [2003]; *Laboda v VJV Dev. Corp.*, 296 AD2d 441 [2002]; *Surjnarine v Brathwaite*, 290 AD2d 436 [2002]; *Brown v Stark*, 205 AD2d 725 [1994]; *cf. Voulo v Bozza*, 294 AD2d 494 [2002]).

Contrary to the plaintiffs' contention, the trial court properly rejected their claim of extrajudicial interference with the jury's deliberation process, as the plaintiffs failed to provide sufficient proof demonstrating that the jury's responses were influenced

by the conduct of a court officer (see *Gropper v St. Luke's Hosp. Ctr.*, 255 AD2d 123 [1998]; cf. *Burtch v Shah*, 230 AD2d 223 [1997]). Santucci, J.P., Krausman, Luciano and Fisher, JJ., concur.