■ B.B.C.F.D., S.A., et al., Respondents, v BANK JULIUS BAER & Co. LTD. et al., Appellants, et al., Defendants. [852 NYS2d 771]—

Defendants concede that the statute of repose (UCC 4-A-505) does not bar all plaintiffs' claims, since some of the claims involve certain items that do not constitute "funds transfers" within the meaning of UCC article 4-A. However, those claims to which the statute of repose applies must be dismissed as time-barred (*see Regatos v North Fork Bank*, 5 NY3d 395, 402-403 [2005]).

The evidence establishes that plaintiff Bijan Nassi reviewed

the bank statements himself for a period of more than 12 years and neither objected to the funds transfers nor consulted with his own accountants or financial advisors as to the accuracy of the statements or because he found them difficult to understand. Thus, Nassi's claim that the bank statements were unclear and did not reasonably put him on notice of the alleged fraud is unavailing (*see Potts & Co. v Lafayette Natl. Bank*, 269 NY 181, 187 [1935]). His testimony that he was assured by bank personnel that the bank statements could be reconciled with the statements of his faithless agent (*see Thomson v New York Trust Co.*, 293 NY 58, 69 [1944]) is insufficient to support a claim of fraud against defendants so as to toll the statute of repose.

It remains to be determined which claims are governed by the statute of repose and should therefore be dismissed. Concur—Saxe, J.P., Gonzalez, Buckley and Acosta, JJ. [*See* 2007 NY Slip Op 30986(U).]