■ B.B.C.F.D., S.A., et al., Appellants, v Bank Julius Baer & Co. Ltd. et al., Respondents, et al., Defendants. [910 NYS2d 43]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered November 7, 2008, which dismissed certain of plaintiffs' claims, unanimously affirmed, with costs, and the appeal from order of the same court and Justice, entered November 5, 2008, which denied plaintiffs' motion to "recall and modif[y]," unanimously dismissed, without costs.

This matter was previously before this Court (B.B.C.F.D., S.A. v Bank Julius Baer & Co. Ltd., 49 AD3d 378 [2008]). The principal question is the extent to which our prior decision delimited the issues to be addressed on remand. Plaintiffs contend that notwithstanding the grant of partial summary judgment, they may still challenge the applicability of the statute of repose (UCC 4-A-505) to their fraud claims. Our review

of the prior decision, however, leads to the conclusion that any claims involving "funds transfers," as defined by the statute, are time-barred and were resolved on the prior appeal. An affirmance is thus dictated.

Plaintiff B.B.C.F.D., S.A. is a Panamanian corporation, and plaintiff Bijan Nassi is a principal of the corporation. In 1985 B.B.C.F.D. gave a power of attorney, including an authorization to withdraw funds, to nonparty Yehuda Shiv with respect to its accounts. At B.B.C.F.D.'s direction, defendant Bank Julius Baer sent monthly statements directly to Shiv. In September 2001 the United States Securities and Exchange Commission sued Shiv and various companies which he controlled for defrauding a number of investment clients. Shiv was criminally prosecuted, and died in prison in 2004 while serving his sentence.

Plaintiffs commenced this action in 2003 to seek recovery from the Bank for 165 allegedly unauthorized withdrawals made by Shiv from the B.B.C.F.D. account of funds aggregating more than $20,000,000. The majority of the withdrawals occurred when Shiv instructed the Bank to wire money from B.B.C.F.D.'s account to other accounts. The transfers were listed each month on the Bank's monthly statements, all of which were sent to Shiv pursuant to B.B.C.F.D.'s previous instructions. One hundred thirty-nine of these withdrawals were effected by instructing the Bank to wire money from B.B.C.F.D.'s account, without a check or negotiable instrument.

In October 2006 the Bank moved for partial summary judgment on the ground that the statute of repose required plaintiffs to have objected to any unauthorized funds transfers within one year of receiving notification from the Bank of the transfers. In opposition, plaintiffs acknowledged that Shiv had forwarded the Bank's statements to them, with copies of additional statements that Shiv had prepared in a more simplified form. Plaintiff Nassi stated that Shiv's simpler statements concealed Shiv's theft of funds, and that he had difficulty understanding the Bank's actual statements, which were too complex. He further claimed that he had met with some of the individual Bank employee defendants, who confirmed the accuracy of the Bank and Shiv statements when, in truth, these employees knew the statements were inaccurate but lied to Nassi to cover up the fraud.

In an order entered April 27, 2007, the trial court denied the motion for summary judgment. This Court reversed and granted summary judgment to defendants (*B.B.C.F.D., S.A. v Bank Julius Baer & Co. Ltd.*, 49 AD3d 378 [2008], *supra*). The decision noted that the evidence established that Nassi had reviewed the bank statements himself for a period of more than 12 years, and

neither objected to the funds transfers nor consulted with his own accountants or financial advisors as to the accuracy of the statements. The Court stated, "Thus, Nassi's claim that the bank statements were unclear and did not reasonably put him on notice of the alleged fraud is unavailing" (*id.* at 379). The Court further stated, "His testimony that he was assured by bank personnel that the bank statements could be reconciled with the statements of his faithless agent is insufficient to support a claim of fraud against defendants so as to toll the statute of repose" (*id.* [citation omitted]).

The decision also took note of the defendants' concession that not all of the claims were barred by the statute of repose, since some of the transactions did not constitute "funds transfers" (*id.* at 378). Accordingly, the matter was remanded for a determination as to which claims constituted wire transfers, and thus were governed by the statute of repose.

On remand, defendants moved for dismissal of claims based on 139 withdrawals, totaling $20,087,868, on the grounds that they were "funds transfers" within the meaning of the statute of repose. Defendants conceded that 26 of the withdrawals were not funds transfers, and they are not at issue on this appeal.

Plaintiffs opposed the motion by claiming, for the first time, that certain transfers were not funds transfers because they were made by check, cash, or letter of credit; certain other transfers completed before the effective date of the statute of repose were not governed by the statute and thus should not be dismissed; and other transfers totaling $340,000, which were made to cover "bank fees," did not constitute "funds transfers." Plaintiffs also argued that defendants were not entitled to judgment as they had not complied with discovery demands.

The motion court held that the 139 identified funds transfers were barred by UCC 4-A-505. The court further determined that claims concerning transfers made prior to the effective date of the statute of repose were barred by the statute of limitations; and the bank fees were not funds transfers within the meaning of the statute of repose. After the case was reassigned to Justice Kapnick, a settled order was entered on November 7, 2008.

On appeal plaintiffs do not pursue the arguments that some of the 139 transactions did not constitute "funds transfers," but argue that there are questions of fact concerning the existence of fraud on the part of bank employees such that the grant of partial summary judgment was premature, and argue that the record contains evidence raising questions of fact as to whether the statute of repose is applicable.

The previous order made clear that any claims arising out of transactions which constituted "funds transfers" were to be dismissed (49 AD3d at 378). The decision allowed for plaintiffs' submission of evidence suggesting that some of the transactions may not constitute funds transfers, but plaintiffs' claims in that regard concerning the 139 transactions were rejected by the motion court, and are not pursued on appeal.

Plaintiffs now seek only to relitigate an issue which has been previously adjudicated. This Court will not revisit that prior determination (*Gropper v St. Luke's Hosp. Ctr.*, 255 AD2d 123 [1998]). In any event, as this Court previously noted, Nassi's testimony (even as amplified by the submissions on this motion) that he was reassured by bank personnel that the bank statements could be reconciled with the statement of his faithless agent are insufficient to support a claim of fraud which would toll the statute of repose. " 'A depositor of a bank is under a duty to examine . . . statements of account, and to give notice of errors therein' " (*Thomson v New York Trust Co.*, 293 NY 58, 68 [1944], quoting *Potts & Co. v Lafayette Natl. Bank*, 269 NY 181, 187 [1935]). When a party chooses to delegate that duty to another, it may not charge the bank with the loss which ensues, and which results from misplaced confidence in the agent (*Thomson*, 293 NY at 69). Nassi's purported inability to understand the statements issued by the bank, even if true, cannot impose liability on the bank.

Furthermore, there has been no demonstration that the statements themselves were fraudulent, but only claims, conclusory at best, that the bank employees fraudulently assured Nassi that the bank statements were reconcilable with the statements issued by Shiv. The duty to inspect the bank statements themselves could not be abrogated by requests to bank employees to compare the two sets of statements. Concur—Mazzarelli, J.P., Saxe, Nardelli, Abdus-Salaam and Román, JJ.