■ ALEKSANDR KITENBERG, as Administrator of the Estate of DMITRY KITENBERG, Deceased, Appellant, v CONSTANTINO GULMATICO, M.D., Respondent. [40 NYS3d 459]—

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Weston, J.), dated March 20, 2014, which, after a jury trial, in effect, granted those branches of the defendant's motion pursuant to CPLR 4404 (a) which were to set aside the verdict and to direct that judgment be entered in favor of the defendant.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the defend-

ant's motion which was pursuant to CPLR 4404 (a) to direct that judgment be entered in favor of the defendant and substituting therefor a provision denying that branch of the motion, and (2) adding thereto a provision granting that branch of the defendant's motion which was for a new trial; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new trial.

During the jury's deliberations in this medical malpractice action, the jury informed the court officer that they had reached a verdict. Rather than reporting this to the Supreme Court, the court officer examined the verdict sheet, which contained various interrogatories, and identified what he believed was an error. Although he did not speak, the officer pointed to portions of the directions on the verdict sheet and handed it back. The jury then continued with its deliberations and, after a time, again announced it had reached a verdict. The court officer conveyed that message to the court but, when the verdict was announced in open court, the court determined that it was inconsistent. The court, not knowing about the jury's interaction with the court officer, instructed the jury to return to their deliberations and to follow the directions on the fresh verdict sheet they had been given. After further deliberations, the jury delivered a verdict in favor of the plaintiff. That verdict was announced in court, the jury was polled, and the verdict was entered by the clerk.

After the jury was discharged, the court officer informed the Supreme Court of his actions. The court held a hearing at which the officer testified. The officer described how, in the presence of the jurors, he pointed to several places on the original verdict sheet, on which he believed they had made an error. The defendant then moved, inter alia, to set aside the verdict pursuant to CPLR 4404 (a) and for judgment in his favor. The court, in effect, granted that branch of the defendant's motion on the ground that the verdict which had been announced on the record was the product of the court officer's improper influence, combined with additional confusion caused by the court's instructions in response to the inconsistent verdict. The court further "reinstate[d]" the jury's initial verdict as described by the court officer and entered judgment thereupon. The plaintiff appeals.

Here, the record establishes, and the parties agree, that the Supreme Court properly rejected the jury's first verdict that was announced on the record on the basis that it was inconsistent (*see Kumar v PI Assoc., LLC*, 125 AD3d 609, 610 [2015];

*D'Annunzio v Ore*, 119 AD3d 512 [2014]; *Kelly v Greitzer*, 83 AD3d 901, 902 [2011]). However, contrary to the plaintiff's contention, the record also supports the conclusion that the court officer's improper actions (*see People v Khalek*, 91 NY2d 838, 839-840 [1997]; *People v Bonaparte*, 78 NY2d 26, 30 [1991]), in combination with the instructions given by the trial judge, who was unaware at the time she gave the instructions of the actions of the court officer, resulted in an unreliable verdict.

"[A] trial court has discretion to set aside a verdict which is clearly the product of substantial confusion among the jurors" (*Scarpati v Kim*, 124 AD3d 866, 867 [2015] [internal quotation marks omitted]; *see Kumar v PI Assoc., LLC*, 125 AD3d at 610-611; *Kelly v Greitzer*, 83 AD3d at 902). Here, the Supreme Court providently exercised its discretion in setting aside the jury's verdict on the basis that it was the product of substantial confusion. However, the court erred in attempting to "reinstate" the jury's original verdict as reported by the court officer. " 'A verdict is not recognized as valid and final until it is pronounced and recorded in open court' " (*Duffy v Vogel*, 12 NY3d 169, 174 [2009], quoting *Labar v Koplin*, 4 NY 547, 550-551 [1851]; *see* CPLR 4112; *People v Khalek*, 91 NY2d at 840; *Matter of National Equip. Corp. v Ruiz*, 19 AD3d 5, 12-13 [2005]; *Ricchueto v County of Monroe*, 267 AD2d 1012 [1999]; *Sylvester v New York City Tr. Auth.*, 176 AD2d 314 [1991]; *Brigham v Olmstead*, 10 AD2d 769 [1960]). Under these circumstances, upon setting aside the verdict, the court should have granted the branch of the defendant's motion which was for a new trial (*see Matter of National Equip. Corp. v Ruiz*, 19 AD3d at 12-14).

The defendant's contention that a verdict in favor of the plaintiff would be contrary to the weight of the evidence, while properly raised as an alternative ground for affirming the order appealed from (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 546 [1983]), lacks merit (*see* CPLR 4404 [a]; *Kowalsky v County of Suffolk*, 139 AD3d 906, 907 [2016]; *cf. Manganiello v Ahmed*, 130 AD3d 583, 586 [2015]).

In light of the foregoing, we need not reach the parties' remaining contentions. Dillon, J.P., Roman, Hinds-Radix and Connolly, JJ., concur.