Lane's Floor Coverings & Interiors, Inc. v DiLalla (2024 NY Slip Op 02257)

Lane's Floor Coverings & Interiors, Inc. v DiLalla

2024 NY Slip Op 02257

Decided on April 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 25, 2024

Before: Oing, J.P., Gesmer, Scarpulla, Rodriguez, Michael, JJ. 

Index No. 157933/16 Appeal No. 1491 Case No. 2022-2118 

[*1]Lane's Floor Coverings & Interiors, Inc., Plaintiff-Appellant,
v
Anthony DiLalla et al., Defendants-Respondents.

Davidoff Hutcher & Citron LLP, New York (Alexander P. McBride of counsel), for appellant.
Zeichner Ellman & Krause LLP, New York (Bruce S. Goodman of counsel), for respondents.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered April 12, 2022, which granted defendants' motion to dismiss the amended complaint and denied plaintiff's cross-motion to compel discovery and for discovery sanctions, unanimously modified, on the law, to deny defendants' motion as to claims asserted against defendant Anthony DiLalla to the extent predicated on checks drawn on or after July 10, 2012 and plaintiff's first cause of action as against defendant Valley National Bank to the extent predicated on checks asserted in the original complaint, and otherwise affirmed, without costs, and the matter remanded for a determination of plaintiff's cross-motion.
Plaintiff's claims arise out of its crooked former financial controller's passing of fraudulent checks. The controller's scheme was revealed, according to plaintiff's allegations, upon its investigation following the controller's abandonment of his position on December 23, 2013. Plaintiff's original complaint sought recovery for five allegedly fraudulently negotiated checks between September 16, 2013 and December 12, 2013, the total of which amounted to approximately $60,000. By motion dated July 10, 2018, plaintiff amended the complaint to set forth 60 additional allegedly fraudulent checks from October 9, 2009 to September 16, 2013, totaling approximately $850,000. With respect to the checks added in the amended complaint, plaintiff alleges that it realized the full impact of the former controller and defendants' misconduct after conducting its own internal review of records in 2017 following a meeting with the New York County District Attorney's Office in 2016. Upon defendants' motion pursuant to CPLR 3211 (a) (1) and (7), Supreme Court dismissed the amended complaint in its entirety.
Defendants' motion was not barred either by the single motion rule or law of the case because neither the motion court nor this Court ever considered the merits of the arguments asserted in response to the amended complaint (cf. Gropper v St. Luke's Hosp. Ctr., 255 AD2d 123 [1st Dept 1998]; O'Shea Partners LLP v Gladstone, 70 Misc 3d 1204[A], 2020 NY Slip Op 51578[U] [Sup Ct, NY County 2020]).
In addition, plaintiff's common-law claims conflicted with the relevant provisions of the Uniform Commercial Code. Therefore, the latter controlled, and plaintiff's common-law claims were properly dismissed (see Bank of Haw. Intl. Corp. v Marco Trading Corp., 261 AD2d 333, 333-334 [1st Dept 1999]). The exception to this bar here is plaintiff's fraud claim (see Prudential-Bache Sec. v Citibank, 73 NY2d 263, 275 [1989]; Calisch Assoc. v Manufacturers Hanover Trust Co., 151 AD2d 446, 447 [1st Dept 1989]).
Plaintiff alleges, among other things, that defendant DiLalla was an active participant in the scheme, that he oversaw and signed off on the fraudulent checks, and that he shared in the checks' proceeds. With respect to defendant bank, plaintiff alleges, in conclusory terms, that it helped the scheme [*2]and "provided a safe haven." Supreme Court properly dismissed plaintiff's fraud claim against defendant bank as conclusory and lacking the requisite particularity (CPLR 3016[b]; see e.g. Friedman v Anderson, 23 AD3d 163, 166 [1st Dept 2005]; cf. Prudential-Bache, 73 NY2d at 276-277 [well-pleaded claim of commercial bad faith permitted where supported by factual allegations concerning, among other things, the frequency of deposits and cash withdrawals at a single bank branch, the branch's failure to complete required currency transaction reports, and conversations with and between a number of branch employees, such that the defendant bank's actual knowledge could not be ruled out upon motion to dismiss]). Plaintiff's fraud claim against defendant DiLalla, however, was sufficiently pleaded.
The record demonstrates that plaintiff was on inquiry notice of the alleged fraud in December 2013 when it conducted its initial investigation concerning the controller's abandonment of his employment (see Aozora Bank, Ltd. v Deutsche Bank Sec. Inc., 137 AD3d 685, 689-690 [1st Dept 2016]; Ghandour v Shearson Lehman Bros. Inc, 213 AD2d 304, 305-306 [1st Dept 1995]). Thus, plaintiff's reliance on the District Attorney's 2016 investigation and its own 2017 examination to extend the time of its inquiry notice for the earlier checks is unavailing. Accordingly, plaintiff's fraud claim is timely under the applicable six-year statute of limitations (see CPLR 213[8]) only to the extent based on checks drawn on or after July 10, 2012.
Finally, defendants' motion sought only to dismiss the amended complaint in part. Moreover, defendants have previously acknowledged that the five checks referenced in plaintiff's original complaint were timely identified. Accordingly, plaintiff's first cause of action against defendant bank should be reinstated to the extent based on the checks asserted in the original complaint.
In light of the foregoing, we remand to the motion court for a determination of plaintiff's cross-motion to compel and for sanctions.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 25, 2024