Saporito-Elliott v United Skates of Am., Inc. (2025 NY Slip Op 06886)

Saporito-Elliott v United Skates of Am., Inc.

2025 NY Slip Op 06886

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2022-09100 
2023-06413
 (Index No. 60563/13)

[*1]Lori Saporito-Elliott, et al., appellants,
vUnited Skates of America, Inc., respondent.

Dell & Dean, PLLC (Joseph G. Dell and Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellants.
Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP, Farmingdale, NY (Scott I. Gurtman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Christopher Modelewski, J.), dated October 4, 2022, and (2) a judgment of the same court dated March 24, 2023. The order denied the plaintiffs' motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the defendant on the issue of liability in the interest of justice and for a new trial. The judgment, upon the jury verdict, is in favor of the defendant and against the plaintiffs dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law and the facts, the plaintiffs' motion pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the defendant on the issue of liability in the interest of justice and for a new trial is granted, the complaint is reinstated, the order is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff Lori Saporito-Elliott (hereinafter the injured plaintiff), and her husband suing derivatively, commenced this action to recover damages for personal injuries the injured plaintiff allegedly sustained while roller skating at the defendant's facility. The matter proceeded to a jury trial. During deliberations, the jury sent a note to the Supreme Court on a form that had been provided to it. The jurors wrote on the form that they "have a question." In response to that jury note, the court instructed a part clerk (hereinafter the clerk) to inform the jurors that the actual question must be written out on the form. The clerk went to the jury room and spoke with the jurors [*2]in the absence of the parties. Shortly thereafter, the jury returned a unanimous verdict in favor of the defendant, finding that it was not negligent.
Following the verdict, the plaintiffs moved pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the defendant on the issue of liability in the interest of justice and for a new trial. In an affirmation in support of the motion, the plaintiffs' counsel stated that he had learned, after the jury was discharged, that when the clerk went to speak to the jurors about writing the actual question on the form, the clerk improperly communicated with the jurors in a way that went beyond the Supreme Court's instructions. In further support of their motion, the plaintiffs submitted an affidavit from a former juror (hereinafter the first juror) who averred, among other things, that the clerk had discussed with the jurors the concepts of negligence and fault, as well as certain facts about the case. The first juror averred that the clerk was in the jury room with the jurors for approximately three to five minutes, and that following that discussion, the jurors "did not feel it [was] necessary to submit further questions to the Court."
In opposition, the defendant submitted, inter alia, affidavits from three jurors, including a second affidavit from the first juror. All three jurors, including the first juror, unequivocally stated that the conversation with the clerk had no impact on the verdict.
Without the benefit of a hearing to determine if the clerk's alleged misconduct had any effect on the jury's deliberations, on October 4, 2022, the Supreme Court denied the plaintiffs' motion pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the defendant on the issue of liability in the interest of justice and for a new trial. On March 24, 2023, a judgment, upon the jury verdict, was entered in favor of the defendant and against the plaintiffs dismissing the complaint. The plaintiffs appeal. We reverse.
"A motion pursuant to CPLR 4404(a) to set aside a verdict and for a new trial in the interest of justice encompasses errors in the trial court's rulings on the admissibility of evidence, mistakes in the charge, misconduct, newly discovered evidence, and surprise" (Bhim v Platz, 207 AD3d 511, 513 [internal quotation marks omitted]; see Simon v Granite Bldg. 2, LLC, 170 AD3d 1227, 1231). "Litigants are entitled, as a matter of law, to a fair trial free from improper comments by counsel or the trial court" (Valenti v Gadomski, 203 AD3d 783, 785 [alteration and internal quotation marks omitted]; see Coward v Consolidated Edison, Inc., 216 AD3d 905, 909) or court personnel (see e.g. Kitenberg v Gulmatico, 143 AD3d 947; Burtch v Shah, 230 AD2d 223). "The interest of justice thus requires a court to order a new trial where comments [have] deprived [a] party of a fair trial or unduly influenced a jury" (Bacchus v Restaurant Depot, LLC, 234 AD3d 903, 905 [internal quotation marks omitted]).
Here, the Supreme Court improvidently exercised its discretion in denying the plaintiffs' motion pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the defendant on the issue of liability in the interest of justice and for a new trial. Contrary to the defendant's contentions, the clerk's conduct cannot be found to be harmless. By offering opinions and/or explanations on the meaning of the legal concepts at issue in the trial, the clerk impermissibly interfered in the jury's deliberations and usurped the role of the court to, in consultation with counsel, instruct the jurors on the law applicable to the facts. Accordingly, the court should have granted the plaintiffs' motion pursuant to CPLR 4404(a) to set aside the jury verdict based on the misconduct of court personnel and for a new trial (see e.g. Coward v Consolidated Edison, Inc., 216 AD3d at 909-911; Valenti v Gadomski, 203 AD3d at 786).
In light of our determination, the defendant's remaining contention need not be considered.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court