In the Matter of the Judicial Settlement of the Accounts of WALTER F. HOF-HEINS and Another, as Surviving Executors, etc., of FRANK RUSZKIEWICZ, Deceased. —Decree affirmed, with costs. Memorandum: On this record questions of fact have arisen in relation to the solvency of the decedent Frank Ruszkiewicz at the time certain stock transfers were made by him to J. C. Ruszkiewicz and as to the intention of Frank Ruszkiewicz in making the transfers. The surrogate has found that at the time that Frank Ruszkiewicz transferred the shares he was not insolvent and that the transfer was not in fraud of creditors. We find in this record with its voluminous and confused exhibits evidence to sustain the surrogate's decision and do not find the weight of the evidence in conflict with the determination. All concur. (The decree dismisses petitioner's objections to the accounts of the executors.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

WILLIAM WILKINS and EDWARD J. WILKINS, Individually and as Copartners Doing Business under the Name and Style of WILLIAM WILKINS & SON, Respondents, v. LOUDON PACKING COMPANY, Appellant.— Judgment and order affirmed, with costs. Memorandum: We have examined the record for errors of law and find none that affect substantial rights of the parties. (Civ. Prac. Act, § 106.) There were serious questions of fact for the jury to decide, but the verdict is not against the weight of the evidence. All concur. (The judgment is for plaintiff in an action for damages for breach of contract. The order denies a motion for a new trial.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

LILLIAN C. CRAWFORD, Respondent, v. KALAMAZOO STOVE AND FURNACE COMPANY, Appellant.— Judgment and order affirmed, with costs. Memorandum: The trial justice properly submitted for the determination of the jury the question of fact whether the alleged assault was committed by an agent of the defendant acting in furtherance of defendant's business in an effort to retake a stove which concededly was then defendant's property. We conclude that the jury's verdict upon this question and all other questions of fact was in accord with the weight of evidence. All concur. (The judgment is for plaintiff in a civil action for assault. The order denies a motion for a new trial.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

JAMES CRAWFORD, Respondent, v. KALAMAZOO STOVE AND FURNACE COMPANY, Appellant.— Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

LUCY CARROLL, Appellant, v. GREAT ATLANTIC & PACIFIC TEA COMPANY, Respondent.— Judgment affirmed, with costs. Memorandum: The evidence does not show that the basket over which plaintiff tripped was placed in the aisle by an employee of defendant. The basket was not in the aisle long enough to charge the defendant with notice thereof. The aisles in defendant's store were not so narrow as to be dangerous upon use by customers and plaintiff's fall was not caused by the narrowness of such aisles. It was not shown that defendant was negligent. (Greene v. Sibley, Lindsay & Curr Co., 257 N. Y. 190.) All concur. (The judgment dismisses the complaint in a negligence action.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.