MICHAEL KERNER, Respondent, *v.* SURFACE TRANSPORTATION CORPORATION OF NEW YORK et al., Appellants, et al., Defendants.

First Department, June. 22, 1943.

*Addison B. Scoville* of counsel (*Oliver R. Brant* with him on the brief; *Alfred T. Davison,* attorney), for appellants.

*Harold M. Phillips* of counsel (*John J. McGinty* with him on the brief; *Thomson & McGinty,* attorneys), for respondent.

*Per Curiam.* After deliberating for about two hours, the jurors asked to have reread the court's charge, the testimony of plaintiff Kerner and that of defendant Kelly. The court in declining to comply stated that it did not believe it necessary to read the entire charge or the entire testimony called for, but intimated to the jury that it could have any particular portion of the charge or any particular part of the testimony which was desired. The refusal to comply with the jurors' request was duly excepted to by all parties. A ten to two verdict in favor of plaintiff and against all three defendants was ren-

dered after the jury had considered the case for four additional hours.

We think that the court erred in declining the request of the jury. The mere direction that the jurors reflect as to whether any further instructions were really needed or as to whether any particular portion of the testimony should be read did not adequately protect the rights of the litigants. The jurors may well have had some difficulty in pointing out certain portions of the record desired or there may have been reluctance on their part to make a further request in view of the court's initial refusal to comply with their wishes. Because of the unusual nature of the accident, the novelty of the issues of law involved and the evident uncertainty and confusion in the minds of the jurors as to the facts and as to the law, the court should have supplied the aid sought with respect to the evidence and the charge. In the circumstances of this particular case, prejudicial error was committed. (*Futoransky* v. *Nassau Electric R. R. Co.,* 169 App. Div. 719; *Van Der Harst* v. *Koenig,* 249 App. Div. 235, 237.)

The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

MARTIN, P. J., UNTERMYER, DORE, COHN and CALLAHAN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.