■   EMIL LEDERER, Respondent, v. SAMUEL BROADWAY FOOD CORP., Appellant.— Judgment entered February 4, 1969 unanimously reversed on the law and a new trial ordered, with costs to abide the event. In this personal injury negligence action, the Trial Justice instructed the jury that the defendant could not be held liable unless it had notice of the presence of the carton allegedly causing plaintiff's fall. The jury must predicate its verdict on the law as enunciated in the charge (see *Employers' Liab. Assur. Corp.* v. *Post & McCord*, 286 N. Y. 254, 264; *Monahan* v. *City of New York*, 31 A D 2d 933). Plaintiff's request to charge on the theory of creation of dangerous operating procedures, deliveries, etc., which would not require the elements of notice or time to remove the carton, was refused by the court. The record is barren of any evidence to show that defendant had actual or constructive notice of the presence of the carton and sufficient time to remedy the condition. Plaintiff testified that he had traversed the area where he fell immediately prior to the accident at which time the carton was not there. Under plaintiff's theory of the creation of a dangerous condition notice may be either unnecessary or imputed. (See cases in 62 ALR 2d 31, 124, 125; *Bogart* v. *Woolworth Co.*, 31 A D 2d 685.) Concur — Stevens, P. J., Tilzer, Markewich, Nunez and Bastow, JJ.