■ ARNOLD LEIDER et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 50683.) — Motion to direct payment pursuant to subdivision 5 of section 20 of the Court of Claims Act, granted to the extent that the Comptroller is ordered to pay appellants the sum of $2,400 plus appropriate interest, said sum representing the difference between the amount of the advance payment and the amount of respondent's appraisal. Motion in all other respects denied, without costs. Cooke, J. P., Sweeney, Simons, Kane and Reynolds, JJ., concur.

■ In the Matter of BROOME LEGAL ASSISTANCE CORPORATION.— Application pursuant to sections 478 and 484 of the Judiciary Law, for approval of a program permitting a recent law school graduate who has taken and passed the July, 1972 Bar examination to perform all duties and functions as a duly licensed attorney and counselor at law in the courts of Broome County and in this court, denied, upon the ground that petition fails to demonstrate the need for such a program for the brief period of time involved. Herlihy, P. J., Staley, Jr., Greenblott, Cooke, and Sweeney, JJ., concur.

## (January 10, 1973)

■ JENNIFER A. FARRELL, Respondent, v. WILLIAM J. FARRELL, III, Appellant.— Motion for extension of time denied, without costs, and appeal dismissed, without costs, unless appellant shall, on or before January 29, 1973, submit himself and the child to the jurisdiction of the court. (See *Matter of Meyer*, 209 N. Y. 59; *Matter of Dillon [Bugden]*, 278 App. Div. 735.) Herlihy, P. J., Cooke, Sweeney, Kane and Reynolds, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE EATMAN, Petitioner, v. J. L. CASSCLES, as Superintendent of Great Meadow Correction Facility, Respondent.— Application for writ of habeas corpus pursuant to CPLR 7002 (subd. [b], par. 2) denied, without costs. Since issues involving sentencing are raised, the petition is transferred to County Court, Nassau County, for consideration as a motion to set aside sentence. (CPLR 440.20.) Herlihy, P. J., Cooke, Sweeney, Main and Reynolds, JJ., concur.

## (January 17, 1973)

■ JOSEPH ZOBRE, Appellant, v. RAYMOND E. SCHUTTIG, Respondent.— Appeal from a judgment of the Supreme Court, entered July 22, 1970 in Schenectady County, upon a verdict rendered at a Trial Term in favor of plaintiffs. During the trial of this negligence action, the jury requested that the court allow them to rehear that portion of the testimony of the medical expert, Dr. Ruch, which related to permanency. This testimony was vague and confusing and supports the conclusion that the jury was indeed confused. The court should not have denied the jury's request which, in our view, constituted prejudicial error, and in the interest of justice the verdict should be set aside and a new trial granted. (*Kerner* v. *Surface Transp. Corp. of N. Y.*, 266 App. Div. 356, affd. 293 N. Y. 881.) Judgment reversed, on the law and the facts, with costs, and a new trial ordered. Herlihy, P. J., Greenblott, Cooke, Sweeney and Reynolds, JJ., concur.