## (November 22, 1978)

■    PHILIP CRONAN et al., Appellants, v WILLIAM C. KOERBER et al., Respondents.—Appeal from a judgment of the Supreme Court, entered February 23, 1977 in Warren County, upon a verdict rendered at a Trial Term, in favor of defendant. In the early morning hours of August 3, 1973, plaintiff Philip Cronan dove off dock facilities maintained by the Depe Dene Motel along the waterfront of Lake George into shallow water and broke his neck. The only issues raised on this appeal from the judgment entered against plaintiff arise as a result of a request by the jury to have certain portions of testimony read to them and the proceedings subsequent thereto. The specific question submitted to the court by the jury in writing was as follows: "The transcripts of testimony of Mr. Cronan entering towards water just prior to diving—boathouse." When asked by the court, in writing, whether they wanted both direct testimony and cross-examination, the jury responded in writing, "We wish to have Mr. Cronan's testimony of whether or not he entered the boathouse prior to diving." After the court reporter examined his notes relative to the request, segments of testimony were read to the jury and, following a request to approach the bench, the court stated, "Does that cover it for you, all right?" And the record states "(Whereupon the jury responded affirmatively)." The court then sent the jury back for further deliberation advising them of their right to submit any further questions. Thereafter plaintiff's attorney placed upon the record his view that there was other testimony relevant to the jury's request that was not provided and urges, as a ground for reversal, the failure of the court to direct reading of all requested portions despite the satisfaction of the jury with the response to its question. He further urges, as additional grounds for reversal, the delegation to the court reporter of the duty to select the particular passages to be read and an absence of a record of those portions actually reread. It is well settled that testimony must be read back to the jury upon its request (*Zobre v Schuttig*, 41 AD2d 573). However, when there has been compliance with the jury's request by the court and an unequivocal indication of satisfaction of that request by the jury, there is no ground for reversal. Nor can we accept plaintiff's argument that the failure to record those portions of the testimony read by the reporter makes the record incomplete and impairs his ability to prosecute this appeal. As we have observed previously, a reporter who is required to read back the transcript of earlier proceedings is obviously incapable of recording his own speech (*People v Perez*, 54 AD2d 1009). The fact that *Perez* is a criminal case does not affect the validity of its application to the case at hand and, because of its striking similarity, we find it controlling. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.