■ MAX E. SAFRAN et al., Respondents, v MAN-DELL STORES, INC. (KEY FOOD STORES), Appellant. (And a Third-Party Action.) — In a negligence action to recover damages for personal injuries, etc., defendant appeals from an interlocutory judgment of the Supreme Court, Kings County (Aronin, J.), dated April 2, 1984, which, upon a jury verdict, was in favor of plaintiffs and against it on the issue of liability, apportioning the verdict so that defendant is 80% liable to plaintiffs for their damages.

Interlocutory judgment affirmed, with costs.

The issue which divides the members of this court is whether Trial Term erred in failing to give a "notice" charge in this case. We conclude that no such charge was necessary.

Plaintiffs' case was based upon the claim that defendant's employees created the dangerous condition which caused plaintiff Max Safran (hereinafter plaintiff) to fall, i.e., the leaving of an unattended box in the aisle of the supermarket on which plaintiff fell. In his opening statement to the jury, counsel for the plaintiffs told the jury:

"There came a time when [plaintiff] came down a particular aisle called aisle number seven and he put his cart — he stopped wheeling the cart and started to look along the shelves for Goya Beans. As he's looking for the merchandise he seeks to purchase, unfortunately for him a carton was allowed to remain on the floor by an employee of the store. You will learn how we learned is because we have had Examinations Before Trial. That's something which each lawyer has a right to ask questions of the other side. So, I have deposed or examined the assistant store manager and we have learned that there was an employee, a young man working for the store who was stacking the shelves. He left the carton there. Where he went or why he left it's [sic] there only God knows the answer to that. Because of the cart while my client was directing his attention to the shelf or what he wanted, he tripped and fell and sustained injuries which we'll not discuss at this particular point * * *

"My Client was alone. He knows of nobody who saw the occurrence except the people from the store. That apparently is the young man who was stacking the shelves and left the carton there who could be a witness. There's the assistant manager who wrote this report and said how the accident happened. Who tended to my client as he fell and there is also a Joe the butcher who gave my client water as he was lying on the ground after he fell. Those are the only people I know that know anything about the happening of this particular occurrence."

Defense counsel, in his opening statement, had the following to say:

"It's our contention he should have seen, obviously boxes because after the accident he indicated and his testimony there was not one box, there were numerous boxes because people were filling the shelves with respect to the items that were purchased by other customers and they had to refill the shelves because its the only way they could operate. We have testimony from a representative of the store that it's common practice and reasonable practice in a supermarket that they have to replenish the shelves with the goods or they can't stay in business. In

order to do that it's necessary for them to bring boxes, put them next to the shelves, to open them and put the merchandise back on the shelves. It's the only way a store can operate.

"Consequently there's nothing unreasonable on the part of Key Food or Man-Dell in having boxes to replenish a supply on the shelves. It's a very common practice used by all supermarkets in the City of New York and I imagine elsewhere in the Country * * *

"Obviously he either didn't look or if he did look he didn't look properly because anybody in their right mind would have seen boxes, especially numerous boxes in the aisle of aisle seven where this alleged accident occurred."

In his summation, plaintiffs' counsel again argued that the defendant's employees had created the condition which caused him to fall. In his summation, defense counsel said the following:

"In fact he's been in this store before. He's seen boxes of this nature in the aisles. It's the only way obviously that the store can refurnish and resupply the merchandise.

"Consequently it's a common thing in a supermarket. We have all been exposed to that and they have to put them next to the shelves because there's a built in safety measure, people coming down with carts. They can't run over boxes. They can't put them in the middle of the aisle so they have to put them very close, as close as possible to the shelves in order to work and put the merchandise on top of the shelves. So, I don't think that the fact that the boxes were there were [sic] such an unusual situation because we find it as Mr. Stephens said in the common custom and useage [sic] of the trade it's done in all supermarkets. It has to be done in order for the patrons to be supplied with the merchandise they need to live.

"So, the fact that the boxes are there really have [sic] not too much to do with this particular lawsuit."

From the foregoing, it is clear, as we have stated, that the plaintiffs' case was founded on the premise that defendant's employees had created the condition which was responsible for plaintiff's fall and the Judge and jury were made aware of that fact. Plaintiff's claim to that effect was supported by plaintiff's testimony, as well as the defendant's assistant manager's report. Accordingly, based upon the record, Trial Term correctly concluded that notice was not an element in this case and Trial Term did not err when it refused to so charge the jury with reference to notice (see *Cook v Rezende,* 32 NY2d 596, 599;

*Reimann v City of New York,* 35 AD2d 595; 1A Warren's Negligence, Actionable Negligence, § 9, p 261; 1 PJI [2d ed], p 274; cf. *Torregrossa v Bohack Corp.,* 81 AD2d 884; *Stevens v Loblaws Market,* 27 AD2d 975).

We have considered defendant's other contentions and find them to be without merit. Lazer, Mangano and Niehoff, JJ., concur.

Titone, J. P., dissents and votes to reverse the interlocutory judgment and grant a new trial, with the following memorandum: The rule of law applicable to this appeal is straightforward and well settled. "Proof of notice, either actual or constructive, has always been said to be essential to recovery by a customer who has fallen because of a foreign substance on the floor of a supermarket or store" (*Cameron v Bohack Co.,* 27 AD2d 362, 364). Proof of notice is excused, however, where it is established that a dangerous condition was created by the defendant or its agents or employees (1 PJI [2d ed], p 274).

The majority hinges upon this caveat by a reading of the *plaintiffs'* opening and closing statements. Unfortunately, this is like looking at two pieces of bread and calling them a sandwich. The "beef" is far more revealing.

Defendant made a motion to dismiss for failure to establish a prima facie case and for a charge on notice. That colloquy was as follows:

"MR. JUDGE [Defense counsel] * * * [T]here has been absolutely no evidence with respect to notice in this case. How long these boxes existed on the — at the place where he fell. There's no evidence of anybody putting the boxes there * * *

"There's absolutely no indication in this lawsuit as to when those boxes were placed in the aisle. Who placed them in the aisle. How long they were in the aisle * * *

"MR. FEDER [Plaintiffs' counsel]: There's no necessity to prove notice when the defendant creates the condition * * *

"MR. JUDGE: There's no evidence of that. There's no direct evidence of anybody ever placing a box there * * *

"THE COURT: Counselor, the jury has every right to infer that the gentlemen on the other side of the aisle placed that carton or that box on this side of the aisle.

"Motion is denied and notice is not an element in this case."*

The difficulty here, then, is that the trial court did not instruct the jury that it had to find *either* that there was notice *or* that

---

* Even in defendant's opening, counsel stressed "this is what we call a blind accident. We were not present when the accident occurred. Nobody observed or viewed the accident".

the defendant affirmatively created the condition (see, e.g., *Lederer v Samuel Broadway Food Corp.,* 33 AD2d 553; *Carroll v Great Atlantic & Pacific Tea Co.,* 258 App Div 937; Ann., 61 ALR2d 110, 124, 132). Because the jury was not called upon to make a factual determination with respect to the condition precedent excusing notice, there must be a reversal and a new trial, irrespective of the arguments made by plaintiffs' counsel in his opening and closing. At the new trial, the claim with respect to negligence in applying wax to the floor should be governed by *Galler v Prudential Ins. Co.* (63 NY2d 637).