■ GUY RIVENBURGH, Respondent, v IRVING DONAHUE, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Dutchess County (Jiudice, J.), dated May 20, 1987, which granted the plaintiff's motion to set aside the jury verdict and ordered a new trial.

Ordered that the order is affirmed, with costs.

The plaintiff Guy Rivenburgh allegedly sustained serious injuries when he went to the aid of his brother Brad, who was being beaten by three men in the vestibule of his apartment building. The plaintiff sued the defendant Irving Donahue, the owner of the building, for negligence in failing to provide adequate security for his tenants.

The proof adduced at trial, the summations and the court's charge all encompassed a theory of liability based on the defendant's failure to repair the front door so that it would close properly, as well as a theory of negligence based upon the lack of a functioning lock on the door. The special questions submitted to the jury, however, as modified by the court's charge, reflected only the nonfunctioning lock theory. Although the jury rejected the absence of a functioning lock as a predicate for negligence, it nevertheless answered in the affirmative the question of whether the defendant's negligence was the proximate cause of the plaintiff's injury.

After recording a verdict in favor of the defendant the court granted the plaintiff's motion to set aside the verdict as inconsistent and ordered a new trial. We affirm.

Whether or not the plaintiff voiced a timely objection on the record to the court's charge, where there is a "fundamental" error in the charge, as here, the matter is reviewable in the interest of justice *(see, Waldman v Cohen,* 125 AD2d 116, 121-

122; *DiGrazia v Castronova,* 48 AD2d 249, 251). In our view, the jury's special findings herein, the apparent result of erroneous and confusing instructions, are clearly inconsistent and cannot be reconciled so as to support a verdict in favor of either side. The proper remedy, therefore, is a new trial *(see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 517-518). Mangano, J. P., Brown, Rubin and Kooper, JJ., concur.