■ CALDOR OF MIDDLETOWN, INC., Appellant, v LAFAYETTE DISPLAY FIXTURES, INC., Respondent.—In an action for indemnification, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Green, J.), entered July 15, 1987, which, upon a jury verdict, is in favor of the defendant and against it.

Ordered that the judgment is affirmed, with costs.

On September 26, 1981, Jaime Ferraro, then age seven, was injured at the premises of the plaintiff Caldor of Middletown, Inc., when a clothing rack, called a rounder, fell on him. The plaintiff had purchased the rounder from the defendant. In December 1981 Ferraro, by his mother, sued the plaintiff for damages for personal injuries. On December 1, 1983, the plaintiff notified the defendant of Ferraro's suit against it, and demanded that the defendant assume the defense to Ferraro's action pursuant to an indemnity agreement between the parties. On January 25, 1984, the plaintiff settled the suit brought by Ferraro. Since Ferraro was an infant, the settlement was approved by the court (CPLR 1207). In July 1984 the plaintiff commenced the instant action against the defendant for indemnification pursuant to the aforementioned agreement for the amount it paid Ferraro.

The plaintiff's contention that the court's charge was erroneous (see, Feuer v Menkes Feuer, Inc., 8 AD2d 294) has not been preserved for appellate review (see, CPLR 4110-b) and we perceive no reason to reach it in the interest of justice. We also disagree with the plaintiff's argument that a new trial is required because the jury was confused (cf., Pache v Boehm, 60 AD2d 867). The plaintiff's claim is predicated on the fact that the jury returned a special verdict sheet with the answers to two questions crossed out. The answers to these questions, had they not been crossed out, would have been inconsistent with the instructions on the verdict sheet in light of the jury's answers to three other questions. This is insufficient to establish that the jury was confused, particularly because after the court gave the jury an unmarked verdict sheet and asked the jury to deliberate anew, the jury returned with an identical verdict. On this second verdict sheet, consistent with the instructions, the jury did not answer the aforementioned two questions.

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Lawrence, Kunzeman and Rubin, JJ., concur.