■ SILVIANO MATTEI et al., Respondents, v CARLOS FIGUEROA et al., Appellants. [692 NYS2d 119] —In an action to recover damages for personal injuries, etc., the defendants appeal, as

limited by their brief, from an order of the Supreme Court, Richmond County (Cusick, J.), dated July 31, 1998, which, upon a jury verdict finding the plaintiff Silviano Mattei 30% at fault and the defendant Carlos Figueroa 70% at fault in the happening of the accident, and awarding damages of $680,000 for past pain and suffering, $20,000 for past medical expenses, and $50,000 for loss of services, granted the plaintiffs' motion to set aside the verdict on the issue of damages and granted a new trial on that issue.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion is denied, the verdict on the issue of damages is reinstated, and the matter is remitted to the Supreme Court, Richmond County, for entry of a judgment in accordance herewith.

After the jury was discharged, but before it left the courthouse, the trial court was informed that there was some misunderstanding by the jury. The trial court then requested the jury to return to the courtroom, where the foreperson placed a statement on the record. The jurors were polled and indicated that they agreed with his statement.

The trial court granted the plaintiffs' motion to set aside the verdict on the issue of damages, finding "substantial confusion amongst the jurors" on that issue. The trial court also concluded that a "new trial is warranted on the issue of future damages", finding that the jury's failure to award any damages for future pain and suffering was against the weight of the evidence. We disagree and reverse.

The record fails to establish the existence of substantial juror confusion occasioned by the court's instructions which would warrant a new trial. Although the verdict sheet may have been somewhat confusing, the trial court's instructions properly conveyed to the jury, pursuant to PJI 2:36.1, that it was to determine the total amount of damages sustained by the plaintiff, undiminished by any percentage of fault. It appears from the record before us that the jury properly followed those instructions. Accordingly, it was error to have granted that branch of the plaintiffs' motion which sought to set aside the jury's verdict on the ground of juror confusion (*see, Labov v City of New York,* 154 AD2d 348; *cf., Scaduto v Suarez,* 150 AD2d 545, 547).

The trial court also erred in setting aside the verdict insofar as the jury failed to award any damages for future pain and suffering. The trial testimony supported a determination that any possible future knee surgery that the injured plaintiff might require was not causally connected to the instant ac-

cident but, rather, was due to normal degenerative conditions in his knee. The record also demonstrates that the injured plaintiff's left knee had essentially returned to its pre-accident condition, that any restrictions previously imposed upon him due to his knee were lifted, that he had no gait deviations, and that he did not limp. Thus, the jury's decision not to make any award for future pain and suffering was consistent with its decision not to make an award for future medical expenses or future loss of services to the injured plaintiff's wife. Accordingly, it was error to set aside the verdict as to future damages on the ground that it was against the weight of the evidence (*see, Miglino v Supermarkets Gen. Corp.,* 243 AD2d 451; *Nicastro v Park,* 113 AD2d 129, 134). Thompson, J. P., Sullivan, Altman and Florio, JJ., concur.