(October 12, 2000)

■ PROTE CONTRACTING Co., INC., Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent. [714 NYS2d 36] —Judgment, Supreme Court, New York County (Joseph Teresi, J.), entered July 23, 1999, which, *inter alia*, awarded defendant the amount of $532,865 for punitive damages, unanimously modified, on the law, the facts and in the exercise of discretion, to vacate the punitive damages award and dismiss the claim therefor, and the judgment otherwise affirmed, without costs or disbursements.

This is an action to recover payments allegedly due under window installation contracts at various Queens schools. The Board of Education counterclaimed for breach of contract, alleging substantial premature deterioration of the windows and seeking damages therefor. At the first trial, a key issue was whether the contracts required plaintiff to use "back puttying" in the installation of the windows. This is a process that provides a seal between the wood and glass to prevent water penetration. On appeal from, *inter alia*, a $360,877.40 judgment in plaintiff's favor, we reversed and remanded for a new trial, holding that the verdict may not stand in view of post-trial evidence, not previously available, that plaintiff's principal had bribed a Board official to interpret the contract so as not to require "back puttying." (*Prote Contr. Co. v Board of Educ.*, 230 AD2d 32.)

Thereafter, the Board served a second amended answer with counterclaims. Included was a separate claim for punitive damages, alleging that plaintiff "having improperly and unlawfully conveyed a benefit upon an employee of defendant to secure payment for work it was required to, but did not perform, acted with gross, wanton or willful fraud or other morally culpable conduct for which punitive damages should be awarded." At trial, at the close of the evidence, the court dismissed, as time-barred, all of the counterclaims; defense counsel requested leave to seek the damages as a setoff of plaintiff's claims. The court instructed the jury that if it found that plaintiff had paid a bribe or other improper payments, it must find against plaintiff for all claims. In addition, the court charged that "you may, but you are not required to, award defendant punitive damages if you find that the acts of the plaintiff in committing

the alleged bribe and other improper payments were wanton, reckless, malicious." As to the setoffs, the court held that setoffs could be applied even though the Statute of Limitations had run (*see*, CPLR 203 [d]; *see also*, *Headley v Noto*, 22 NY2d 1, 4; *Katz v Bach Realty*, 192 AD2d 307, 308) and charged the jury as to several items of setoff demanded by defendant.

By a vote of 5 to 1, the jury found that plaintiff's principal unlawfully influenced a Board of Education official in the performance of his official duties to obtain a benefit for himself or plaintiff and that the Board was entitled to punitive damages in the amount of $532,865. Plaintiff subsequently moved to set aside the punitive damages award on the ground that punitive damages could not stand as a separate cause of action after the counterclaims were dismissed. The court denied the motion, noting that "there were counterclaims which would be used in the form of a setoff and that's how it was presented to the jury" and, further, that no objection was taken to the verdict sheet or the court's charge as to punitive damages. We modify to vacate the award for punitive damages and dismiss the claim therefor.

Absent a valid claim for compensatory damages, there can be no claim for punitive damages. (*Hubbell v Trans World Life Ins. Co.*, 50 NY2d 899, 901.) "A demand or request for punitive damages is parasitic and possesses no viability absent its attachment to a substantive cause of action." (*Rocanova v Equitable Life Assur. Socy.*, 83 NY2d 603, 616.) Thus, in view of the dismissal of defendant's counterclaims, its claim for punitive damages should have been dismissed as well, since there exists no cause of action upon which a demand for punitive damages can be grounded. (*See*, *id.*)

While plaintiff's argument regarding the punitive damages claim was not preserved by a timely exception to the jury instructions and review is thus generally precluded (*see*, *Barry v Manglass*, 55 NY2d 803, 805; *Weekes v City of New York*, 250 AD2d 354), we cannot allow the verdict on punitive damages to stand in the absence of a substantive cause of action. To do otherwise would constitute fundamental error. (*See*, *Veal v New York City Tr. Auth.*, 148 AD2d 443, 445; *Duffey v Fear*, 121 AD2d 928.)

Contrary to defendant's suggestion, our conclusion is not inconsistent with our statement on the earlier appeal that, on retrial, the Board could assert a claim for punitive damages. (*Prote Contr. Co. v Board of Educ.*, *supra*, 230 AD2d 32, 41.) At that time the counterclaims asserted against plaintiff in the Amended Answer were still standing; as noted, the counter-

claims were not dismissed until the close of the evidence at the second trial. There is no basis for construing our statement to allow a claim for punitive damages in the absence of any other claims against plaintiff. Concur—Sullivan, P. J., Rosenberger, Lerner, Andrias and Friedman, JJ.