■ Addys Peralta, Respondent, v Raphael Henriquez et al., Appellants, et al., Defendants. [739 NYS2d 196] —In an action to recover damages for personal injuries, the defendants Raphael Henriquez and Aurora Henriquez appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Rockland County (Weiner, J.), dated December 7, 2000, as, upon a jury verdict finding them 82% at fault in the happening of the accident, is in favor of the plaintiff and against them.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Since the appellant Raphael Henriquez testified at trial that he permitted tenants and guests to park in the appellants' lot 24 hours per day, the appellants had a duty to provide adequate lighting in the lot at the time of the plaintiff's accident (*see, Gallagher v St. Raymond's R.C. Church,* 21 NY2d 554). Therefore, the plaintiff sufficiently established a prima facie case of negligence against the appellants for the trial court to submit to the jury (*see, Gallagher v St. Raymond's R.C. Church, supra; Goldfarb v Kzichevsky,* 280 AD2d 583; *Miccoli v Kotz,* 278 AD2d 460; *Kurth v Wallkill Assoc.,* 132 AD2d 529).

Because the plaintiff's case was founded on the premise that the appellants created the dangerous condition that led to the accident, notice was not an element of her claim (*see, Cook v Rezende,* 32 NY2d 596, 599; *Septoff v La Shellda Maintenance*

*Corp.,* 242 AD2d 618; *Saia v Misrahi,* 129 AD2d 621; *Safran v Man-Dell Stores,* 106 AD2d 560). Accordingly, the appellants were not entitled to a jury charge on the issue of notice (*see, Safran v Man-Dell Stores, supra*).

The record does not establish the existence of substantial juror confusion occasioned by the trial court's instructions which would warrant a new trial (*see, Mattei v Figueroa,* 262 AD2d 459).

The appellants' remaining contentions are either unpreserved for appellate review or without merit. Prudenti, P.J., Santucci, Florio and Friedmann, JJ., concur.