■ JAMILEXY LUZARDO, Respondent, v JAMAICA HALL CORP., Appellant, et al., Defendant. [744 NYS2d 892] —In an action to recover damages for personal injuries, the defendant Jamaica Hall Corp. appeals, by permission, from an order of the Supreme Court, Queens County (Flug, J.), dated July 2, 2001, which, in effect, granted the plaintiffs' application for a mistrial on the issue of liability and directed a new trial.

Ordered that the order is reversed, on the law, with costs, the application is denied, and the jury verdict as to liability is reinstated.

After a trial on the issue of liability, the Supreme Court submitted the issue to the jury. The verdict sheet which was given to the jury had separate questions as to the appellant's negligence, and whether that negligence was a proximate cause of the accident. However, it failed to instruct the jury not to go on to answer question No. 2 if their answer to question No. 1 was "No." Thereafter, the jury reported that it had answered "No" to the second question but was deadlocked on the first.

There followed some discussion among counsel and the Supreme Court, with the plaintiff moving for a mistrial. The plaintiff did not request additional instructions, nor did she ask to amend the verdict sheet. While this colloquy took place, the jury was sent back to deliberate. Subsequently the jury sent back a note indicating that it had reached a verdict. They had answered "No" to both of the questions on the verdict sheet.

Before the Supreme Court took the verdict, the plaintiff again failed to request that the jury be reinstructed and/or that the verdict sheet be amended and the jury sent back and instructed to begin their deliberations anew. The Supreme Court then took the verdict, discharged the jury, and adjourned the matter to the next day. The next day the Supreme Court granted the application for a mistrial, holding that the verdict sheet was not a proper verdict sheet, and was evidence of juror confusion requiring the declaration of a mistrial.

The Supreme Court erred in granting the application for a mistrial and setting aside the verdict on the issue of liability. Under the circumstances of this case, the plaintiff waived any objection as to the failure of the verdict sheet to include an instruction to the effect that the jury should not go on to ques-

tion No. 2 if it answered "No" to question No. 1 by failing to object to it before the jury retired to deliberate, and then again failing to register an objection and/or request that the jury be sent out for further deliberations before the jurors were discharged (*see Brown v Stark,* 205 AD2d 725; *cf. Caldor of Middletown v LaFayette Display Fixtures,* 148 AD2d 489). Contrary to the plaintiff's contention, under the circumstances of this case, the fact that the jury answered question No. 2 before answering question No. 1 is insufficient to show juror confusion warranting the granting of a mistrial. The verdict sheet did not prohibit this, and did not direct that the questions be answered in any order. The answers were consistent and supported by the evidence (*see Labov v City of New York,* 154 AD2d 348; *see also Caldor of Middletown v LaFayette Display Fixtures, supra; Schmidt v Buffalo Gen. Hosp.,* 278 AD2d 827; *Prote Contr. Co. v Board of Educ. of City of N.Y.,* 276 AD2d 309; *Rivenburgh v Donahue,* 147 AD2d 689).

The parties' remaining contentions are without merit. Florio, J.P., S. Miller, Schmidt and Cozier, JJ., concur.