■ JOHN KINNEY, Appellant, v HAROLD W. TAYLOR, Defendant and Third-Party Plaintiff-Respondent. PATRICIA E. KINNEY, Third-Party Defendant. [758 NYS2d 840] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Tolbert, J.), entered April 17, 2002, which denied his motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendant and against him on the issue of liability.

Ordered that the order is affirmed, with costs.

A jury verdict must be set aside as a matter of law where there is "no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]). "The test is not merely whether the jury erred in its interpretation of the evidence, but whether any evidence exists to support the verdict" (*Barker v Bice,* 87 AD2d 908 [1982]). Contrary

to the plaintiff's contention, the jury could rationally conclude that the defendant was not negligent based on the evidence presented at trial.

A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129, 134 [1985]). Great deference is accorded to the fact-finding function of the jury, and determinations regarding the credibility of witnesses are for the factfinders, who had the opportunity to see and hear the witnesses (*see Corcoran v People's Ambulette Serv.,* 237 AD2d 402 [1997]). On the evidence presented, the jury reasonably could have reached its verdict based on a fair interpretation of the evidence.

Pursuant to CPLR 4404 (a), a trial court has the discretion to set aside a verdict and grant a new trial where the verdict is clearly the product of substantial confusion among the jurors (*see Roberts v County of Westchester,* 278 AD2d 216 [2000]). However, the record fails to establish the existence of substantial juror confusion occasioned by the trial court's instructions which would warrant a new trial (*see Peralta v Henriquez,* 292 AD2d 514 [2002]; *Mattei v Figueroa,* 262 AD2d 459 [1999]).

Since the plaintiff failed to object to the alleged defects in the jury charge and the verdict sheet, the issues raised with respect thereto are not preserved for appellate review (*see* CPLR 4110-b; *Luzardo v Jamaica Hall Corp.,* 296 AD2d 383 [2002]; *Laboda v VJV Dev. Corp.,* 296 AD2d 441 [2002]; *Surjnarine v Brathwaite,* 290 AD2d 436 [2002]; *Brown v Stark,* 205 AD2d 725 [1994]). Smith, J.P., H. Miller, Cozier and Rivera, JJ., concur.