OPINION OF THE COURT
Per Curiam.
Order entered January 15, 2003 reversed, with $10 costs, motion denied and jury verdict reinstated.
Plaintiff sustained injuries while incarcerated at Hikers Island during an attack by fellow inmates and seeks to recover damages in negligence against defendant City of New York. After a lengthy trial, the jury returned a defense verdict based upon express findings that defendant lacked “both notice and the opportunity to intervene to protect plaintiff.” This appeal follows the court’s grant of plaintiffs motion to set aside the verdict based upon a claimed error in the court’s readback of its initial jury charge concerning a so-called “inmate folder.”[1]
At the charge conference, plaintiffs counsel argued that the documents contained in the unproduced inmate folder bore directly on plaintiffs central claim that his complaints of threats by other inmates went unheeded by correction officers, with counsel echoing that argument on summation (“all of the answers in this case were in that inmate file”). Over defendant’s objection, the court gave the jury a missing documents charge, specifically identifying the documents typically contained in an inmate folder, which permitted the jury to draw an inference against the defendant on the issue of notice. In response to the jury’s request during deliberations for a reread of the charge *52 “regarding the missing inmate folder,”[2] the court, after consulting with counsel, repeated its initial missing documents charge, although this time without specifying the individual documents contained in the inmate folder. The jury, apparently satisfied by the court’s response and without asking for any further clarification, returned a defendant’s verdict shortly after the supplemental instructions were given and before the court had an opportunity to rectify what it by then perceived to be error in its failure to “enumerate[ ] the missing documents” and to reread the initial missing documents charge “exactly and not change it.” In its written decision granting plaintiff’s motion to set aside the jury verdict, the court concluded that the absence from its readback of “an exact enumeration of the [inmate] file could have posed a quandary and confusion for the jurors as to what type of inference was to be drawn from the missing inmate file.” Defendant now appeals, and we reverse and reinstate the jury verdict.
As a preliminary matter, plaintiff waived any challenge to the court’s supplemental instructions through his postverdict failure to renew his objection thereto and/or request that the jury be charged anew and sent out for further deliberations (see Luzardo v Jamaica Hall Corp., 296 AD2d 383 [2002]). In any event, the record contains no indication that the jury was in need of reinstruction on the contents of the inmate folder or that the supplemental instructions as given caused any jury confusion which warranted any additional instruction (see Kinney v Taylor, 305 AD2d 466 [2003]; Doyle v Seney, 221 AD2d 828, 830 [1995]). There is simply no basis to conclude that the outcome of the case would have been different had the court’s readback of the missing documents charge itemized the individual documents that typically comprise an inmate folder — information which was properly and clearly conveyed to the jury in the court’s initial missing documents charge and which, so far as reflected in the jury’s notes, was not the subject of any juror misapprehension or uncertainty. Though mindful that “[o]ur power to review the [t]rial [judge’s] discretion must be exercised in the light of the fact that [she] was there and we were not” (Trapp v American Trading & Prod. Corp., 66 AD2d 515, 519 [1979]), we cannot abide the court’s conclusion that the claimed *53 error in its readback of the missing documents charge favorable to plaintiff could have misled the jury or prejudiced plaintiffs cause.
Kerner v Surface Transp. Corp. of N.Y. (266 App Div 356, 357 [1943], affd 293 NY 881 [1944]), cited by the trial court, is clearly distinguishable, since that case involved a court’s refusal to reread any portion of its initial charge on “novel[ ] ... issues of law.”
Suarez, EJ., Gangel-Jacob and Schoenfeld, JJ., concur.

. The record indicates that an “inmate folder,” also referred to at trial as a “personal history folder” or “inmate file,” typically consists of several documents — including an inmate’s “accompanying card” and “cell locator card”— which generally provide information concerning an inmate’s pedigree, prison location and transfers, and any “orders of separation” from or reported threats made by other inmates.

. At approximately the same time during its deliberations, the jury sent the court another note seeking clarification as to when the inmate folder was discovered missing, the court’s response to which was unobjected to by either party below and is not at issue on appeal.