■ Jennifer Chaitman et al., Appellants, v Francis Moezinia et al., Respondents. (And a Third-Party Action.). [17 NYS3d 864]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered September 17, 2014, which denied plaintiffs' motion for leave to amend the complaint, unanimously affirmed, with costs.

The proposed amendments are palpably insufficient and devoid of merit (*see MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499, 499 [1st Dept 2010]). The allegations do not show that defendants "acted solely out of malice" or that they "used improper or illegal means" so as to support the proposed claim for tortious interference with business relations (*Amaranth LLC v J.P. Morgan Chase & Co.*, 71 AD3d 40, 47 [1st Dept

2009], *lv dismissed in part, denied in part* 14 NY3d 736 [2010]). To the extent plaintiffs contend that they may recover damages for the "non-nominative tort for intentional and unprivileged infliction of temporal harm," even assuming, without deciding, that we recognize such a claim, the conduct alleged does not amount to intentional infliction of harm (*see Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO*, 38 NY2d 397, 406 [1975]; *Morrison v National Broadcasting Co.*, 24 AD2d 284, 291 [1st Dept 1965]). As the proposed amended complaint failed to adequately state a tort claim against the individual or corporate defendants, the proposed claim for punitive damages is nonviable (*see Prote Contr. Co. v Board of Educ. of City of N.Y.*, 276 AD2d 309, 310 [1st Dept 2000]; *see also Nutri Cheese & Foods v Slavin & Sons*, 184 AD2d 330, 330 [1st Dept 1992]). Concur—Tom, J.P., Andrias, Moskowitz and Kapnick, JJ.