Ahsanuddin v Addo (2019 NY Slip Op 06864)





Ahsanuddin v Addo


2019 NY Slip Op 06864


Decided on September 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2019

Friedman, J.P., Renwick, Tom, Gesmer, Oing, JJ.


9923 30571/17E

[*1]Mohammed Ahsanuddin, Plaintiff-Respondent,
v
Joseph Addo, et al., Defendants-Appellants, Morris Fateha, Stakeholder.


Law Offices of Morris Fateha, Brooklyn (Morris Fateha of counsel), for appellants.
Richard J. Soleymanzadeh, P.C., Carle Place (Richard J. Soleymanzadeh of counsel), for respondent.



Order, Supreme Court, Bronx County (Donald A. Miles, J.), entered September 11, 2018, which, inter alia, denied defendants' motion to dismiss the complaint and to vacate a notice of pendency, unanimously modified, on the law, to the extent of dismissing plaintiff's causes of action for misrepresentation, fraud, breach of the implied covenant of good faith and fair dealing, and punitive damages, and otherwise affirmed, without costs.
Defendants failed to establish entitlement to summary dismissal of the claims for breach of contract and specific performance. Plaintiffs' contention that defendants' unexplained ability to sell the property to a third-party, despite their claimed inability to comply with the Bankruptcy Code, support the claimed breach of the parties' contract of sale. The timing of the sale to the third-party, coupled with the representations by defendants' attorney and real estate agent on November 1, 2017 and November 6, 2017 that they were still waiting for an extension of the short sale approval from the bank, despite the fact that defendants had already signed a contract to sell the property to the third-party on October 31, 2017, bolster these causes of action.
The claims for misrepresentation and fraud are dismissed as duplicative of the breach of contract claim (see Cronos Group Ltd. v XComIP, LLC, 156 AD3d 54, 62-63 [1st Dept 2017]), as is the claim for breach of the implied covenant of good faith and fair dealing (see Berkeley Research Group, LLC v FTI Consulting, Inc., 157 AD3d 486, 489 [1st Dept 2018]; Mill Fin., LLC v Gillett, 122 AD3d 98, 104 [1st Dept 2014]). Plaintiff's claim for punitive damages is also dismissed, since no separate cause of action for punitive damages lies for pleading purposes (Rocanova v Equitable Life Assurance, 83 NY2d 603, 616 [1994]; Prote Contracting Co., Inc. v Board of Education, 276 AD2d 309, 310 [1st Dept 2000]). Even if it were properly pleaded, a claim for punitive damages would not be appropriate in this case as this action is grounded upon private breach of contract, and does not seek to vindicate a public right or deter morally culpable conduct (Halpin v Prudential Ins. Co. of Am., 48 NY2d 906, 907 [1979]).
Defendants have not demonstrated that paragraph 39 of the parties' contract requires forfeiture of plaintiff's $20,000 down payment. In the context of the entire agreement, the remedy set forth in paragraph 39 applies to situations where the seller is unable to satisfy explicit obligations set forth in the contract, not where the seller transfers property to a third-party pending closing (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). Moreover, interpreting the contract as proposed by defendants would produce the absurd result of permitting a seller to make a duplicitous transfer of property to a third-party, while also allowing them to retain the purchaser's down payment should the purchaser seek to enforce its rights (Macy's Inc. v Martha Stewart Living Omnimedia, Inc., 127 AD3d 48, 54 [1st Dept 2015]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 26, 2019
CLERK