Petrosian v B & A Warehousing, Inc. (2025 NY Slip Op 05708)

Petrosian v B & A Warehousing, Inc.

2025 NY Slip Op 05708

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2020-03114
 (Index No. 15209/12)

[*1]George Petrosian, etc., respondent, 
v
B & A Warehousing, Inc., et al., appellants, et al., defendant.

Abrams Fensterman, LLP, Brooklyn, NY (Anthony J. Genovesi, Jr., and Amy Marion of counsel), for appellants.
Law Office of Yuriy Prakhin, P.C., Brooklyn, NY (Simon Q. Ramone of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants B & A Warehousing, Inc., TBS Realty Management, LLC, and Aaron Berger appeal from a judgment of the Supreme Court, Kings County (Devin P. Cohen, J.), dated February 3, 2020. The judgment, insofar as appealed from, upon a jury verdict, is in favor of the plaintiff and Nadejda Petrosian and against the defendants B & A Warehousing Inc., TBS Realty Management, LLC, and Aaron Berger in the principal sum of $10,000,000 for punitive damages.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs.
In 2010, George Petrosian (hereinafter the plaintiff) was allegedly injured when the mobile lift that he was standing on collapsed while he was repairing a parking garage structure located on property allegedly owned by the defendant B & A Warehousing, Inc. (hereinafter B & A), and managed by the defendant TBS Realty Management, LLC (hereinafter TBS). Thereafter, the plaintiff and his wife, Nadejda Petrosian, suing derivatively, commenced this action against B & A, TBS, and Aaron Berger, the owner of both entities (hereinafter collectively the defendants), among others, to recover damages for personal injuries. The complaint alleged, inter alia, violations of Labor Law §§ 200, 240(1), and 241(6).
After discovery, the plaintiff and his wife moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6). By order dated November 30, 2016, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability against B & A and TBS, but denied that branch of the motion which was for summary judgment on the issue of liability against Berger.
The plaintiff and his wife then, with leave of court, served an amended complaint to add a claim for punitive damages. The defendants answered the amended complaint, and the matter proceeded to a trial limited to the issue of damages. After both parties rested, the jury was instructed to decide whether to award punitive damages based upon conduct of Berger. The jury awarded the plaintiff and his wife punitive damages in the sum of $10,000,000, and the Supreme Court entered a judgment, dated February 3, 2020, in favor of the plaintiff and his wife and against the defendants, [*2]inter alia, in the principal sum of $10,000,000 for punitive damages. The defendants appeal from that portion of the judgment.
"New York does not recognize an independent cause of action for punitive damages. Instead, '[a] demand or request for punitive damages is parasitic and possesses no viability absent its attachment to a substantive cause of action'" (Randi A.J. v Long Is. Surgi-Ctr., 46 AD3d 74, 80, quoting Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 616; see Prote Contr. Co. v Board of Educ. of City of N.Y., 276 AD2d 309, 310). Here, the Supreme Court erroneously instructed the jury that the issue of Berger's liability had already been determined against him, and the jury was not asked to consider Berger's liability under the Labor Law or otherwise. Because Berger was never determined to be liable with respect to any substantive cause of action, no punitive damages could be awarded based upon his alleged conduct (see Prote Contr. Co. v Board of Educ. of City of N.Y., 276 AD2d at 310).
Accordingly, we reverse so much of the judgment as is in favor of the plaintiff and his wife and against the defendants in the principal sum of $10,000,000 for punitive damages.
The parties' remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.

2020-03114 DECISION & ORDER ON MOTION
George Petrosian, etc., respondent, v B & A
Warehousing, Inc., et al., appellants,
et al., defendant.
(Index No. 15209/12)

Motion by the respondent, inter alia, to dismiss the appeal insofar as taken by B & A Warehousing, Inc., and TBS Realty Management, LLC, on the ground that it has been rendered academic. By decision and order on motion of this Court dated February 5, 2021, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is denied.
IANNACCI, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court