■ HARVESTER CHEMICAL CORP., INC., Respondent, v AETNA CASUALTY & SURETY COMPANY, Appellant, et al., Defendant. [612 NYS2d 148] —Order of the Supreme Court, Bronx County (Anita Florio, J.), entered on September 23, 1993, which, *inter alia,* denied the cross-motion of defendant Aetna Casualty & Surety Company for summary judgment, is unanimously modified, on the law, the motion granted, and otherwise affirmed, with costs and disbursements payable by plaintiff.

Defendant Aetna disclaimed coverage under a comprehensive general liability policy in an underlying personal injury action commenced against plaintiff, Harvester, a New Jersey corporation, by Gerald McGovern in Bronx County. Plaintiff commenced this action for declaratory judgment asserting that the cancellation of the policy was defective, and, therefore, coverage existed.

Plaintiff had commenced an earlier action against Aetna, for declaratory judgment in New Jersey based on another underlying personal injury action, also asserting that the cancellation of the same general liability policy was improper. Summary judgment was granted Aetna dismissing Harvester's complaint for declaratory judgment in the Superior Court of New Jersey.

The IAS Court erred in denying Aetna's motion for sum-

mary judgment and in not applying the doctrine of collateral estoppel and "full faith and credit" to bar relitigation of the validity of Aetna's cancellation of plaintiff's policy.

The grant of summary judgment, on the merits, rendered by the New Jersey court, resulted in a final judgment in favor of Aetna as to the issue necessarily determined therein, i.e., the validity of Aetna's cancellation of the policy. This is the very same issue which is presented in the case before us. The pendency of an appeal from the New Jersey judgment does not prevent its use as the basis of collateral estoppel (see, Matter of Amica Mut. Ins. Co. [Jones], 85 AD2d 727, 728).

Since the issue sought to be precluded herein is identical to the one necessarily decided in the New Jersey proceeding and which plaintiff Harvester had a full and fair opportunity to litigate in the New Jersey forum, the doctrine of collateral estoppel applies (see, Schwartz v Public Adm'r of County of Bronx, 24 NY2d 65, 71). Moreover, given the fact that Harvester had a full and fair opportunity to litigate, the Full Faith and Credit Clause of the Federal Constitution requires us to accord the judgment of our sister State as to the validity of the policy cancellation the same conclusive effect, between the parties, that it would be given in New Jersey (see, Schultz v Boy Scouts, 65 NY2d 189, 204). Concur—Carro, J. P., Wallach, Asch, Nardelli and Williams, JJ.