■ HARVESTER CHEMICAL CORP., INC., Respondent, v AETNA CASUALTY & SURETY COMPANY, Defendant, and NATIONAL INSURANCE ASSOCIATES, LTD., Appellant. [622 NYS2d 273] —Order, Supreme Court, Bronx County (Anita Florio, J.), entered October 22, 1993, which denied defendant-appellant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, and the complaint dismissed, with costs and disbursements payable by plaintiff.

Plaintiff, a New Jersey manufacturer, distributes its floor care products in New York and other States. It obtained liability insurance from defendant Aetna Casualty & Surety Company (Aetna) through defendant National Insurance Associates, Ltd. (NIA), but on April 23, 1985, Aetna sent plaintiff a notice of cancellation "for underwriting reasons," effective May 23, 1985. Plaintiff concedes the receipt of such notice. A personal injury claim was brought against plaintiff in the Bronx for injuries allegedly incurred on August 6, 1986, and arising out of the use of its product. On August 16, 1990, plaintiff commenced the instant action against NIA and Aetna, claiming a contractual and fiduciary breach, fraud, and misrepresentation in NIA's failure to procure replacement liability insurance. NIA moved for summary judgment dismissing the complaint, and attempted to show that it had no role in the cancellation, that it attempted to find replacement coverage, and that its failure to find it was due to an industrywide refusal by carriers to insure these risks. NIA's motion was denied.

On December 3, 1991, plaintiff brought a similar action against NIA and Aetna in New Jersey in connection with a personal injury claim there. In New Jersey, Aetna's motion to dismiss was granted, and this Court then granted Aetna's motion for summary judgment on the grounds that the issue necessarily determined by the New Jersey court, the validity of Aetna's cancellation of the policy, was the same issue presented in the New York case, that plaintiff was thus collaterally estopped from contesting the issue again, and that in addition, the Full Faith and Credit Clause of the Federal Constitution required such conclusion (*Harvester Chem. Corp. v Aetna Cas. & Sur. Co.*, 204 AD2d 251). The New Jersey Appellate Division, however, has now reversed the grant of summary judgment to Aetna on the ground that Aetna was not permitted by New Jersey law even as then existing to unilaterally terminate plaintiff's policy without adequate and objective reasonable grounds (277 NJ Super 421, 649 A2d 1296). The court also observed that summary judgment was improper because there were disputed issues of material fact.

Subsequent to the denial of NIA's first motion for summary judgment herein, the claims against NIA in the New Jersey action were dismissed after a plenary trial. On July 22, 1993, NIA moved again for summary judgment herein, this time on collateral estoppel and full faith and credit grounds. The trial court erroneously denied that motion.

Collateral estoppel is based on the principle that one should

not be permitted to relitigate an issue decided against it in a court of competent jurisdiction *(see, D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 664). The two requirements that must be satisfied are (1) proof that the identical issue was decided in the prior action and is decisive in the present action, and (2) the party to be precluded must have had a full and fair opportunity to contest the prior determination, the burden of showing the absence of such opportunity being on the party attempting to defeat the estoppel *(supra,* at 664). Moreover, since collateral estoppel is grounded on concepts of fairness, it should not be rigidly or mechanically applied *(supra,* at 664).

Plaintiff contends that its claims were not and could not have been resolved in the New Jersey action. But plaintiff had the opportunity to litigate all the questions now raised in New York, all of which were raised before the New Jersey complaint was filed. Identical issues of NIA's contractual and fiduciary duties to procure replacement insurance for plaintiff were crucial and were raised in both actions; the issues necessarily decided in New Jersey to dismiss plaintiff's claims against NIA are decisive in the present action. Plaintiff's additional contention that the reversal of the grant of summary judgment in favor of Aetna in New Jersey precludes the grant of summary judgment in favor of NIA in the instant case is without merit. The claims against NIA in the New Jersey action were dismissed after a plenary trial, and their dismissal has not been reversed and, as far as this Court has been informed, has not been appealed.

Since NIA's first motion for summary judgment was based on the merits, its denial did not preclude NIA from bringing this second motion based on collateral estoppel and full faith and credit after the New Jersey decision. Plaintiff had a full opportunity to litigate the issue sought to be precluded here. The doctrine of collateral estoppel applies *(see, Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65). The Full Faith and Credit Clause of the Federal Constitution requires us to accord the New Jersey judgment the same effect as it would be accorded there *(see, Schultz v Boy Scouts,* 65 NY2d 189, 204). Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.