■ In the Matter of the Arbitration between COUNTRY-WIDE INSURANCE COMPANY, Respondent, and GERARD AUBRY et al., Appellants. [645 NYS2d 155] —Order, Supreme Court, New York County (David Saxe, J.), entered December 13, 1995, which granted petitioner's application to stay arbitration of respondents' uninsured motorist claim, unanimously affirmed, without costs.

Arbitration should be stayed because respondents did not serve a notice of intention to file an uninsured motorist claim within 90 days after the accident or as soon as practicable, having failed to diligently attempt to determine whether the driver of the other vehicle was insured (*see, Matter of Kauffman [MVAIC],* 25 AD2d 419), and then also failing to serve petitioner with a notice of intention as soon as they should have been aware that the other vehicle was alleged to have been stolen (*see, Matter of Chiro [Merchants Mut. Ins. Co.],* 49 AD2d 686). We also find that petitioner notified respondents of its intention to deny coverage in a timely manner, as soon as reasonably possible after learning of respondents' intention to file an uninsured motorist claim (*compare, Ward v Corbally Gartland & Rappleyea,* 207 AD2d 342, *lv denied* 84 NY2d 812). Concur—Milonas, J. P., Kupferman, Ross, Williams and Tom, JJ.

■ HARVESTER CHEMICAL v AETNA CASUALTY. (And Another Action and Third-Party Actions.) [650 NYS2d 522] —Motion granted and the order of this Court entered on May 23, 1996 (M-1116/M-1400) is modified insofar as to vacate the stay granted therein, and to vacate the decision and order of this Court entered on May 31, 1994 (204 AD2d 251). Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.