■ EDWARD AYERS, SR., Respondent, v LEILA AYERS, Appellant. (Action No. 1.) LEILA AYERS et al., Appellants, v EDWARD AYERS, SR., Respondent. (Action No. 2.) [828 NYS2d 915]—In a matrimonial action in which Edward Ayers, Sr., and Leila Ayers were divorced by judgment dated January 17, 2002, and a related action pursuant to RPAPL article 15 to determine title to certain real property, (1) Leila Ayers and Samuel Levine appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Nassau County (Ross, J.), dated October 7, 2004, which, inter alia, denied those branches of Leila Ayers' motion in action No. 1 which were to modify the judgment of divorce with respect to equitable distribution, and granted the motion of the defendant in action No. 2 to dismiss the complaint in that action, and (2) Leila Ayers appeals, as limited by her brief, from stated portions of an order of the same court dated May 6, 2005, which, inter alia, denied those branches of her subsequent motion in action No. 1 which were to modify the judgment of divorce with respect to equitable distribution.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs to the respondent.

The Supreme Court did not err in granting the motion of the defendant in action No. 2 to dismiss the plenary action commenced by the appellants pursuant to RPAPL article 15 based upon the doctrines of res judicata (*see Boronow v Boronow*, 71 NY2d 284, 289-290 [1988]; *Licini v Graceland Florist, Inc.*, 32 AD3d 825, 826-827 [2006]) and collateral estoppel (*see Avco Sec. Sys., Inc. v Beigel*, 29 AD3d 837 [2006]; *cf. Harvester Chem. Corp. v Aetna Cas. & Sur. Co.*, 212 AD2d 392, 394 [1995]).

The appellants' remaining contentions are without merit. Crane, J.P., Skelos, Lifson and Dillon, JJ., concur.