■ RICKY LOVE, Respondent, v ROCKWELL'S INTERNATIONAL ENTERPRISES, LLC, Defendant, and PERCELL SMITH AND SONS, INCORPORATED, Appellant. [922 NYS2d 131]—

In an action, inter alia, to recover damages for battery, the defendant Percell Smith and Sons, Incorporated, appeals from a judgment of the Supreme Court, Kings County (Steinhardt, J.), entered February 19, 2010, which, upon a jury verdict in favor of the plaintiff on his cause of action to recover damages for battery and awarding him damages in the sum of $250,000 for past pain and suffering, and upon an order of the same court

dated December 11, 2009, denying its motion, inter alia, pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law, is in favor of the plaintiff and against it in the principal sum of $250,000.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages for past pain and suffering only, unless, within 30 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, he shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict for past pain and suffering against the defendant Percell Smith and Sons, Incorporated, from the principal sum of $250,000 to the principal sum of $175,000, and to the entry of an appropriate amended judgment; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

On January 29, 2006, the plaintiff was a patron at a club in Brooklyn owned and operated by the defendant Percell Smith and Sons, Incorporated (hereinafter the appellant). The plaintiff claims that while inside the club, he became engaged in a verbal dispute with another patron over a spilled drink. A bouncer employed by the appellant then allegedly intervened by forcibly removing the plaintiff from the club. According to the plaintiff and a second witness, during the course of ejecting the plaintiff, the bouncer either pushed him or banged him against a brick wall, causing the plaintiff's face to strike the wall. At the conclusion of a unified trial, the jury returned a verdict finding that the appellant's employee had committed a battery upon the plaintiff, and awarding the plaintiff damages for past pain and suffering in the principal sum of $250,000. Approximately three months later, the appellant moved, inter alia, pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law. In support of its motion, the appellant contended, for the first time, that the bouncers who worked at its club were independent contractors rather than employees, and that it thus could not be held liable for the bouncer's actions under the doctrine of respondeat superior. The Supreme Court denied the appellant's motion and entered judgment in favor of the plaintiff.

Contrary to the appellant's contention, it waived the issue of whether the bouncer who committed the battery was an independent contractor rather than an employee by failing to raise this issue as an affirmative defense in its answer (see CPLR 3018 [b]; *Butler v Catinella*, 58 AD3d 145, 150 [2008]; *Jordan v*

*Villetto*, 38 AD3d 716, 717 [2007]; *Becker v Shore Drugs*, 296 AD2d 515, 516 [2002]), or as a defense at trial.

The appellant's contention that the verdict sheet should have asked the jury to make a specific factual determination as to whether the bouncer who committed the battery was acting within the scope of his employment is unpreserved for appellate review since the appellant failed to raise any objection to the verdict sheet (*see* CPLR 4017, 5501 [a] [3]; *Ross v Mandeville*, 45 AD3d 755, 757 [2007]; *Kwa v Roberts*, 18 AD3d 444 [2005]; *Kinney v Taylor*, 305 AD2d 466, 467 [2003]; *Laboda v VJV Dev. Corp.*, 296 AD2d 441 [2002]; *Rock v City of New York*, 294 AD2d 480, 481 [2002]; *Siagha v Salant-Jerome, Inc.*, 271 AD2d 274 [2000]).

We reject the appellant's argument that expert medical evidence was necessary to prove that the battery caused the plaintiff's broken jaw. Under the circumstances of this case, "the results of the alleged assault and battery are within the experience and observation of an ordinary layperson" (*Breen v Laric Entertainment Corp.*, 2 AD3d 298, 300 [2003]; *see Lanpont v Savvas Cab Corp.*, 244 AD2d 208, 212 [1997]).

Unlike our dissenting colleague, we find that the appendix, which contains the complete trial transcript, is adequate to determine whether the jury's award of damages for past pain and suffering was excessive. Considering the nature and extent of the plaintiff's injury, the damages award materially deviates from what would be reasonable compensation, and is excessive to the extent indicated herein (*see* CPLR 5501 [c]; *Atkinson v Buch*, 17 AD3d 222 [2005]). Mastro, J.P., Eng and Sgroi, JJ., concur.

Skelos, J., dissents, and votes to dismiss the appeal to the extent the appellant raises issues regarding damages, and affirm only insofar as the judgment brings up for review issues relating to liability, with the following memorandum: On appeal, the defendant Percell Smith and Sons, Incorporated (hereinafter the appellant), seeks, among other things, a reduction in the award of damages for past pain and suffering in the amount of $250,000 on the ground that the award is excessive. At trial, the plaintiff chose not to present medical testimony, but to rely on the medical records, admitted into evidence, and the plaintiff's testimony, in order to establish damages. The significance of the medical records in establishing damages is apparent from the plaintiff's counsel's summation, in which he expressly referred the jury to the medical records, and, in particular, to the operative report, for a description of the plaintiff's injuries and the treatment required therefor. Notwithstanding

the critical importance of the medical records to the plaintiff's proof of damages, and despite the fact that the appellant argues before this Court that the amount of damages deviates from what would be reasonable compensation for the plaintiff's injuries, the appellant failed to include the medical records in its appendix.

" 'An appellant who perfects an appeal by using the appendix method must file an appendix that contains all the relevant portions of the record in order to enable the court to render an informed decision on the merits of the appeal' " (*Christian v Graham*, 73 AD3d 676, 677 [2010], quoting *Matter of Passalacqua*, 31 AD3d 648, 648 [2006]; *see* CPLR 5528; 22 NYCRR 670.10-b). Here, in my view, the appellant's failure to include in the appendix the medical records that were essential to establishing damages prevents this Court from rendering an informed decision on the merits of the appellant's argument that the damages award is excessive. Accordingly, I would dismiss that portion of the appeal (*see Miller v Cruise Fantasies, Ltd.*, 74 AD3d 921, 921-922 [2010]; *Christian v Graham*, 73 AD3d at 677; *Gandolfi v Gandolfi*, 66 AD3d 834, 835 [2009]; *Abrahams v Greenwood Trust Co.*, 51 AD3d 695 [2008]; *Ayers v Ayers*, 37 AD3d 629, 630 [2007]; *Cohen v 1651 Carroll Realty Corp.*, 23 AD3d 603 [2005]; *Lucadamo v Bridge To Life, Inc.*, 12 AD3d 422 [2004]; *Patel v Patel*, 270 AD2d 241, 242 [2000]), and respectfully dissent from the majority's adjudication of this issue on the merits.

Although I agree with the majority on the issues relating to liability, I would dismiss the appeal to the extent that it raises issues regarding damages.