■ KAREN STEPHENS, Respondent, v U.S.A. GENERAL CONTRACTORS CORP. et al., Appellants, et al., Defendants. [965 NYS2d 354]—

In an action to recover damages for personal injuries, the defendants U.S.A. General Contractors Corp. and Dormitory Authority of the State of New York appeal from an order of the Supreme Court, Queens County (Kerrigan, J.), dated May 17, 2012, which denied the motion of the defendant U.S.A. General Contractors Corp. pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the plaintiff and against that defendant on the issue of liability and for judgment as a matter of law, or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial against that defendant on the issue of liability.

Ordered that the appeal by the defendant Dormitory Authority of the State of New York is dismissed, as that party is not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is reversed, on the law, that branch of the motion of the defendant U.S.A. General Contractors Corp. which was to set aside the jury verdict in favor of the plaintiff and against it on the issue of liability and for judgment as a matter of law is granted, and the motion is otherwise denied as academic; and it is further,

Ordered that one bill of costs is awarded to the defendant U.S.A. General Contractors Corp.

The plaintiff allegedly was injured when wind blew down a temporary construction fence located on the Queens College campus in Flushing, Queens. The defendant U.S.A. General Contractors Corp. (hereinafter USA), which was the contractor for the project, acquiesced in a charge instructing the jury that it had a duty to use reasonable care to keep the temporary construction fence in a reasonably safe condition for the protection of all persons whose presence was reasonably foreseeable. The charge provided that, in order to recover, the plaintiff had to prove, inter alia, that if USA did not create the defective condition of the fence, it either knew or should have known about the defective condition long enough before the accident to correct the condition. The jury returned a verdict in favor of the plaintiff and against USA on the issue of liability.

"In consequence of the failure to register any protest to the charge to the jury, the law as stated in that charge [becomes] the law applicable to the determination of the rights of the parties in [the] litigation" (*Harris v Armstrong*, 64 NY2d 700, 702 [1984]; *see Up-Front Indus. v U.S. Indus.*, 63 NY2d 1004 [1984]; *see also Love v Rockwell's Intl. Enters., LLC*, 83 AD3d 914 [2011]; *Silverstein v Marine Midland Trust Co. of N.Y.*, 35 AD3d 840 [2006]). Here, there was no evidence before the jury that USA had notice of, or created, the allegedly unsafe condition which caused the accident (*see Manicone v City of New York*, 75 AD3d 535, 537 [2010]; *Ragone v Spring Scaffolding, Inc.*, 46 AD3d 652, 655 [2007]; *Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 707 [2007]).

Accordingly, the Supreme Court should have granted that branch of USA's motion which was to set aside the jury verdict in favor of the plaintiff and against it on the issue of liability and for judgment as a matter of law. Skelos, J.P., Hall, Lott and Hinds-Radix, JJ., concur.