Hong Hui Kuang v Jie Wen Zhou (2023 NY Slip Op 00397)

Hong Hui Kuang v Jie Wen Zhou

2023 NY Slip Op 00397

Decided on January 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 31, 2023

Before: Renwick, J.P., Webber, Singh, Rodriguez, Higgitt, JJ. 

Index No. 100253/20 Appeal No. 17211 Case No. 2022-02223 

[*1]Hong Hui Kuang, Plaintiff-Appellant,
v
Jie Wen Zhou, et. al., Defendants-Respondents.

Hong Hui Kuang, appellant pro se.
The Law Offices of Perry Ian Tischler, P.C., Bayside (Perry Ian Tischler of counsel), for respondents.

Order, Supreme Court, New York County (Margaret Chan, J.), entered April 11, 2022, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(5) and (7), unanimously affirmed, without costs.
The court correctly found that plaintiff was collaterally estopped from relitigating the issue of entitlement to the life insurance proceeds (see Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 72 [2018]). To the extent plaintiff argues that collateral estoppel does not apply because the earlier action involved different claims, the argument is unavailing (see id. ["the determination of an essential issue is binding in a subsequent action, even if it recurs in the context of a different claim"]). The pertinent issue here, whether plaintiff is entitled to the insurance proceeds under the relevant policy, is clearly the same as at least one of the issues presented and determined in the prior action.
The court also correctly determined that plaintiff's remaining allegations fail to state a claim (see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142 [2017]). In any event, even giving the complaint the most liberal construction, and discerning causes of action for the intentional torts of assault, battery, false imprisonment, malicious prosecution, defamation, and invasion of privacy, those torts would be time-barred by the one-year statute of limitations applicable to those claims (CPLR 215[3]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 31, 2023