Ramone v Frey
2026 NY Slip Op 03407
June 2, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Linda Ramone etc., Plaintiff-Respondent,
v
David Frey et al., Defendants-Appellants.

Decided and Entered: June 02, 2026
Index No. 650309/24|Appeal No. 6787|Case No. 2025-04801|
Before: Manzanet-Daniels, J.P., Kennedy, Mendez, Michael, Hagler, JJ.

Law Office of Karen Winner, New York (Karen Winner of counsel), for David Frey, appellant.
Perkins Coie LLP, New York (Adam R. Mandelsberg of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about July 11, 2025, which, to the extent appealed from as limited by the briefs, granted plaintiff's cross-motion for summary judgment as to liability for breach of fiduciary duty as against defendant David Frey, unanimously affirmed, with costs.
Plaintiff is the widow of Johnny Ramone, the guitarist of the rock band the Ramones. She is a member of the board of directors and 50% owner of Ramones Productions, Inc. (RPI), the entity through which the Ramones market, merchandise, license, and produce memorabilia. Following disputes regarding RPI's management, plaintiff sought to remove David Frey from RPI's board of directors, thus triggering the parties' agreement to binding mediation. The ensuing mediation resulted in factual findings stating that Frey had engaged in misconduct in his capacity as a director. As a result, on December 5, 2024, the mediator found that Frey was to be removed for cause for breaches of his fiduciary duties to RPI and its shareholders, among other things. On February 25, 2025, Supreme Court confirmed the binding mediation award and severed plaintiff's remaining causes of action, including the one for breach of fiduciary duty.
Contrary to defendant's assertion, Supreme Court's order granting summary judgment on liability did not violate the law of the case doctrine (see Matter of Part 60 RMBS Put-Back Litig., 195 AD3d 40, 48 [1st Dept 2021]; see also Matter of Part 60 RMBS Put-Back Litig., 155 AD3d 482, 483 [1st Dept 2017]). In its confirmation of the mediation award, Supreme Court did not analyze the merits of plaintiff's remaining claims. Rather, the February 25, 2025 order addressed only the removal of Frey as a director and then severed that issue from the remainder of the action. Contrary to Frey's contentions, nothing in the order can be read to direct the parties to trial on the remaining issues or to preclude later motion practice. Indeed, after Supreme Court confirmed the award, Frey, along with defendant Mitchel Hyman, moved for summary judgment dismissing the remaining claims.
[*2]
Supreme Court correctly found that Frey was collaterally estopped from relitigating the issue of his misconduct as director (see Buechel v Bain, 97 NY2d 295, 303-304 [2001], cert denied 535 US 1096 [2002]; Hong Hui Kuang v Jie Wen Zhou, 212 AD3d 579, 579-580 [1st Dept 2023]). Although the binding mediation involved the question of whether Frey should be removed for cause as a director, the pertinent issue presented here — Frey's misconduct in his role as a director — is the same issue presented and determined during the mediation. Moreover, Frey had a full and fair opportunity during the mediation to contest whether he engaged in misconduct and breached his duties as a director of RPI (see Harvester Chem. Corp. v Aetna Cas. & Sur. Co., 212 AD2d 392, 394 [1st Dept 1995]). The issues that Frey claims he had no full and fair opportunity to litigate, such as a comparison of financial condition, evidence of lost opportunities, or economic harm, are proper elements of damages, which the court left for trial.
We reject Frey's argument that Supreme Court erred in granting summary judgment as to liability on plaintiff's breach of fiduciary duty cause of action, as there were no findings regarding the specific amount of damages caused by Frey's alleged breach. Plaintiff was not obligated to establish damages, as she moved for summary judgment only as to liability (see Gordon v Schaeffer, 176 AD3d 431, 431 [1st Dept 2019]; MacArthur v Doeblin, 224 AD3d 482, 483 [1st Dept 2024]). Thus, the remaining element of plaintiff's breach of fiduciary duty cause of action — whether plaintiff suffered damages as a result of Frey's misconduct — will properly be determined at trial (see Burry v Madison Park Owner LLC, 84 AD3d 699, 699-700 [1st Dept 2011]; see also Besen v Farhadian, 195 AD3d 548, 549 [1st Dept 2021]).
We have considered Frey's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2026